NO. 07-05-0375-CV
 


IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MAY 8, 2007



______________________________




LEE Y. COCKRELL, GUARDIAN OF THE PERSON AND ESTATE OF

 ALICE B. INGRUM GRAY, AN INCAPACITATED PERSON, APPELLANT


V.



RICHARD C. DEVUYST AND LINDA DEVUYST d/b/a DEVUYST DAIRY, LARRY
RODEN, GARY RODEN, AND RICKY RODEN d/b/a TOP O' TEXAS DAIRY,

 AND GENE O. "BUDDY" COCKRELL, APPELLEES


_________________________________



FROM THE 31ST DISTRICT COURT OF GRAY COUNTY;



NO. 33,395; HONORABLE STEVEN R. EMMERT, JUDGE



_______________________________




Before CAMPBELL and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION


 Pending before this Court is Appellant's Motion to Dismiss in which, Lee Y. Cockrell,
Guardian of the Person and Estate of Alice B. Ingrum Gray, an Incapacitated Person,
represents that pursuant to a settlement agreement, he no longer wishes to pursue this
appeal. Cockrell also represents that all disputes between the parties have been settled
and requests dismissal with prejudice. 

 Without passing on the merits of the case, pursuant to Rule 42.1(a)(1) of the Texas
Rules of Appellate Procedure, we grant the motion and dismiss the appeal with prejudice. 
Having dismissed the appeal at Cockrell's request, no motion for rehearing will be
entertained and our mandate will issue forthwith.


 Patrick A. Pirtle

 Justice





AT AMARILLO

PANEL B

FEBRUARY 12, 2009
______________________________

TANISHA JO WALKER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 55,666-A; HONORABLE HAL MINER, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
MEMORANDUM OPINIONAppellant Tanisha Jo Walker appeals from her conviction, on an open plea to the
court, of the offense of possession of a controlled substance and the resulting sentence
of twelve years confinement in the Institutional Division of the Texas Department of
Criminal Justice. Appellant's attorney has filed a brief in compliance with Anders v.
California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and In re Schulman, 252
S.W.3d 403 (Tex.Crim.App. 2008). Agreeing with appointed counsel’s conclusion the
record fails to show any arguably meritorious issue that could support the appeal, we affirm
the trial court’s judgment. 
          In July 2007, appellant was indicted for the offense of possession of cocaine, in an
amount of four grams or more but less than two hundred grams.


 The indictment also
contained a drug-free zone notice. In December 2007, appellant entered a guilty plea to
the charge as indicted and entered a plea of “true” to the drug-free zone notice, without a
plea agreement. On the same day, appellant appeared before the trial court for a
punishment determination. 
          The trial court admonished appellant, ensured her plea was entered knowingly,
freely, and voluntarily, and explained the range of punishment applicable to this case. The
State then informed the court that on April 18, 2007, a narcotics officer received a tip that
two women were selling narcotics at an Amarillo apartment complex, less than a block
away from a school. The tip included a specific description of the vehicle and the women
involved. Officers investigating the tip saw a vehicle matching the description they were
given backing out of a driveway. When a passenger left the vehicle, officers saw she was
wearing clothes like those described in the tip. After officers stopped the individuals they
observed that appellant, also a passenger, also was wearing clothing like that described
in the tip. Appellant admitted to officers that she was at the apartment complex and
admitted that she was holding “a lot” of drugs. During a search by a female officer, 9.61
grams of cocaine were found on appellant.
          Appellant acknowledged to the trial court that she heard the prosecutor’s recitation
of the facts and admitted that she had that “9 grams or so of cocaine” on her. Appellant
persisted in her plea of guilty and the court accepted it. The court further found the
evidence sufficient to find appellant guilty of the offense as charged in the indictment. 
Appellant then testified on her own behalf with regard to punishment and, emphasizing her
young age, expressed her desire that the court grant her application for community
supervision. 
            Following this testimony and arguments of counsel, the court assessed punishment
against appellant at confinement for a term of twelve years. Appellant timely filed her
notice of appeal.
          Thereafter, appellant's appointed appellate counsel filed a motion to withdraw and
a brief in support pursuant to Anders in which she certifies that she has diligently reviewed
the record and, in her professional opinion, under the controlling authorities and facts of this
case, there is no reversible error or legitimate grounds on which a non-frivolous appeal
arguably can be predicated. The brief discusses the procedural history of the case,
appellant’s plea of guilty, and the hearing concerning appellant’s punishment. Counsel has
certified that a copy of the Anders brief and motion to withdraw have been served on
appellant, and that counsel has advised appellant of her right to review the record and file
a pro se response. Johnson v. State, 885 S.W.2d 641, 645 (Tex.App.–Waco 1994, pet.
ref'd). By letter, this Court also notified appellant of her opportunity to submit a response
to the Anders brief and motion to withdraw filed by her counsel. Appellant has filed a
response in which she raises one issue.
          In conformity with the standards set out by the United States Supreme Court, we will
not rule on the motion to withdraw until we have independently examined the record. 
Nichols v. State, 954 S.W.2d 83, 86 (Tex.App.–San Antonio 1997, no pet.). If this Court
determines the appeal has merit, we will remand it to the trial court for appointment of new
counsel. See Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App.1991). 
           Because appellant entered an open plea of guilty, she waived any non-jurisdictional
defects, other than the voluntariness of her plea, that occurred before entry of the plea so
long as the judgment of guilt was rendered independent of, and is not supported by, the
alleged error. Young v. State, 8 S.W.3d 656, 666-67 (Tex.Crim.App. 2000). Thus, our
independent review of the record is limited to potential jurisdictional defects, the
voluntariness of appellant’s plea, potential error occurring before appellant’s plea that
resulted in or supports the judgment of guilt, and potential error occurring after the guilty
plea. Id. 
          We note first that there is nothing in the record that supports existence of a
jurisdictional defect. Second, as noted in counsel’s brief, appellant’s plea was entered
freely and voluntarily as required by article 26.13 of the Code of Criminal Procedure. See
Tex. Code Crim. Proc. Ann. art. 26.13(b) (Vernon 2007). Counsel discusses the applicable
law and the facts of appellant’s case and concludes there is no arguably meritorious point
that may be raised on this issue. We agree.
          In reaching this conclusion, counsel notes the possibility that appellant might argue
she received ineffective assistance of counsel. See Strickland v. Washington, 466 U.S.
668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and Hernandez v. State, 726 S.W.2d 53, 57
(Tex.Crim.App. 1986) (establishing standard for effective assistance of counsel). We agree
with counsel that the record contains no support for such a contention. 
          Additionally, as previously noted, the trial court thoroughly admonished appellant on
the record prior to accepting her open plea of guilty. Appellant indicated her understanding
of each admonishment. The record reflects that appellant also signed and submitted written
plea admonishments that included waivers, admonitions, and a judicial confession that the
trial court ensured was entered freely, voluntarily and knowingly. See Tex. Code Crim.
Proc. Ann. art 26.13 (Vernon 2007). Our review of the record reveals no arguably
meritorious issue may be raised on this point.
          In her response, appellant contends that the punishment she received was too
severe. After a thorough review of the record, we find no arguably meritorious point may
be raised with regard to the punishment assessed to appellant. Because appellant’s plea
of guilty was an open plea and not based on an agreement with the State, the court was
free to impose any punishment accorded by statute. Jackson v. State, 680 S.W.2d 809,
814 (Tex.Crim.App. 1984). The trial court assessed punishment for appellant at twelve
years of confinement, a sentence at the lower end of the statutory range. See Tex. Health
& Safety Code Ann. § 481.134(c) (Vernon 2003). It is the general rule that as long as a
sentence is within the proper range of punishment, it will not be disturbed on appeal. 
Jackson, 680 S.W.2d at 814; Rodriguez v. State, 917 S.W.2d 90, 92 (Tex.App.–Amarillo
1996, pet. ref’d) (Texas courts have traditionally held that as long as the sentence is within
the range of punishment established by the Legislature in a valid statute, it does not violate
state or federal prohibitions). 
          Our review convinces us that appellate counsel conducted a complete review of the
record. We have also made an independent examination of the entire record to determine
whether there are any arguable grounds which might support the appeal. We agree it
presents no arguably meritorious grounds for review. Accordingly, we grant counsel's motion
to withdraw


 and affirm the judgment of the trial court.
 
                                                                           James T. Campbell

                                                                                    Justice

 
 
 
 
Do not publish.