Brian Lee **BRADY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 07–95–0001–CR.

Court of Appeals of Texas,
Amarillo.

Sept. 13, 1995.

Law Offices of L. Van Williamson, L. Van Williamson, Amarillo, for appellant.

Potter County District Attorney, Rebecca King, Acting District Attorney, Bruce Sadler, Amarillo, for appellee.

Before DODSON, BOYD and QUINN, JJ.

QUINN, Justice.

A jury convicted appellant, Brian Lee Brady, of theft over $750 and assessed his punishment, enhanced by one prior felony conviction, at 15 years imprisonment with a $4,000 fine. By four points of error, he asks the novel question of whether the trial court erred in denying his request to be punished under the amendments to the Texas Penal Code enacted by the 73rd Legislature in S.B. 1067, Ch. 900, § 1.01 *et seq.*, 3 *Gen. & Spec. Laws* 3586 (1993) (referred to as the New Code). We answer no and affirm.

**Facts**

A duly empaneled grand jury for Potter County, Texas indicted appellant, on April 28, 1994, for theft of property valued over

1. That particular act repealed the Penal Code of 1925 and created the Texas Penal Code of 1974

$750. The offense occurred approximately one month earlier, that is, on March 26, 1994. Before his December 12, 1994 trial, appellant elected to be sentenced under § 12.01 of the New Code, especially those sections pertaining to state jail felonies, and so moved the court. The latter denied his request and sentenced him under the provisions existent prior to the changes wrought by the 73rd Legislature.

**Argument**

On appeal, Brady contends that in enacting the New Code, the legislature failed to amend or repeal § 6(c), "Saving provision" of Acts 1973, 63rd Legislature, chapter 399, § 1 *et seq.*[1] The particular provision states that

[i]n a criminal action pending on or commenced on or after the effective date of this Act [January 1, 1974], for an offense committed before the effective date, the defendant, if adjudged guilty, shall be assessed punishment under this Act if he so elects by written motion filed with the trial court before the sentencing hearing begins.

*Tex.Pen.Code Ann.* "Enactment," vol. 1 (Vernon 1994). Given the wording of this clause, he purportedly had the option to be punished under either the Old or New Code.

Appellant's argument, however, slights pivotal language of the Act creating the New Code. Specifically, Article 1, § 1.18 of Senate Bill No. 1067, Ch. 900 states

(a) The change in law made by this article applies only to an offense committed on or after the effective date of this article. For purposes of this Section, an offense is committed before the effective date of this article if any element of the offense occurs before the effective date.

(b) An offense committed before the effective date of this article is covered by the law in effect when the offense was committed, and the former law is continued in effect for that purpose.

(hereinafter referred to as the Old Code).

S.B. No. 1067, 73rd Leg., Reg.Sess. (1993), *reprinted in*, 3 *Gen. & Spec.Laws* 3586, 3705 (1993). Section 1.19 reads as follows:

(a) Except as provided by Subsection (b) of this section, this article takes effect on September 1, 1994.

(b) The repeal of Section 12.422, Penal Code, as provided by Section 1.01 of this article, Section 16.02(I), Penal Code, as added by Section 1.01 of this article, and Section 1.02, 1.06, and 1.16 of this article take effect September 1, 1993.

*Id.* (emphasis added). Upon reading the two sections together, one readily discovers that the Texas Legislature expressly intended to postpone application of the New Code until September 1, 1994, save for a few instances not here pertinent. Its words are clear; the changes apply "only to offense[s] committed on or after" September 1, 1994. Criminal activity arising prior thereto, and the punishment thereof, remained subject to the Old Code. We cannot ignore this explicit intent. *Garcia v. State*, 829 S.W.2d 796, 799–800 (Tex.Crim.App.1992) (stating that courts are bound to "effectuate the legislative intent evidenced by the plain language of statutes"). Nor can we shunt legislative directive presuming that statutes operate prospectively "unless expressly made retrospective." *Tex. Gov.Code Ann.* § 311.022 (Vernon 1985); *Nichols v. State*, 754 S.W.2d 185, 204 (Tex. Crim.App.1988); *see Pesch v. State*, 524 S.W.2d 299, 301 (Tex.Crim.App.1975) (holding two aspects of the Old Code retrospective since they were expressly made so by the 1973 savings provision). Moreover, nothing in the New Code suggests it to be retroactive.

■ That the lawmakers choose to afford defendants an election when they repealed the 1925 Code does not free us from the foregoing constraints. Again, the saving provision then enacted expressly granted the option; that accompanying the New Code omitted it. Indeed, the omission is most telling since the legislature knew that it could grant an election, as evidenced by the savings provision in the Old Code, but left it out. Given this, we may not incorporate one by judicial fiat. *See Garcia v. State*, 829 S.W.2d at 799–800 (refusing to incorporate an "inev-

itable discovery" exception into article 38.32 of the Code of Criminal Procedure).

■ Moreover, even if appellant's argument were adopted and § 6(c) of the old savings provision continued in force, the provision would be of no use to him. That section refers to criminal actions pending or commenced "on or after the effective date of *this* Act" for offenses "committed before the effective date." (Emphasis added). The term "this Act" refers to the Code created by 63rd Legislature, and the phrase "effective date" denoted January 1, 1974. Thus, to come within the parameters of § 6(c), the appellant had to have been prosecuted for an offense occurring before January 1, 1974. Needless to say, he was not. The offense for which he was charged and convicted arose in March of 1994.

Accordingly, we overrule points of error one through four and affirm the judgment entered below.