**Jesus Manuel RODRIGUEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 07–95–0195–CR.

Court of Appeals of Texas, Amarillo.

Feb. 1, 1996.

Rehearing Overruled March 28, 1996.

Jeffrey B. Keck, Dallas, for appellant.

Michael J. Sandlin, Ass't. District Attorney, Robert Dark, Ass't. District Attorney, John Vance, Crim. District Attorney, Dallas, Robert Huttash, State Prosecuting Attorney, Austin, for appellee.

Before REYNOLDS, C.J., and DODSON and QUINN, JJ.

DODSON, Justice.

From a plea of nolo contendere pursuant to a plea bargain, appellant Jesus Manuel Rodriguez pleaded guilty to possession of less than twenty-eight grams of cocaine. The trial court found evidence substantiating appellant's guilt, and honoring the plea bargain, assessed a $750 fine, and deferred adjudication of guilt. The court placed appellant on probation for four years, conditioned upon his observance of certain enumerated probationary terms.

The State subsequently moved to proceed with an adjudication of guilt, citing his violation of ten probationary conditions. At a hearing on the State's motion, appellant pleaded true to nine of the ten allegations. After hearing the motion, the trial court found he had violated ten probationary conditions, pronounced the adjudication of his guilt, and assessed his punishment at twenty years confinement in the Texas Department of Criminal Justice, Institutional Division.

In a single point of error, appellant contends the trial court erred in sentencing him to twenty years confinement, arguing he was entitled to be sentenced under the 1993 amendment to section 481.115 of the Health Code because he possessed less than one gram of cocaine and such possession is now only a state jail felony.[1] We disagree.

Appellant committed the offense of possession of less than one gram of cocaine on January 23, 1992, and the trial court adjudicated his guilt, punishment was assessed, and his sentence was imposed, on February 17, 1995. The police report of the underlying offense shows that appellant possessed 0.4 grams of cocaine on January 23, 1992. In his sole point of error, appellant now faults the trial court for assessing punishment as a second degree felony, contending that he was entitled to the benefit of the 1993 amendment of section 481.115 of the Health Code, which provides that possessing cocaine of less than one gram is a state jail felony. However, as appellant recognizes, section 481.115 of the Health Code did not become effective until September 1, 1994, which was over 18 months after appellant committed the underlying offense. By its provisions, the section applies only to offenses committed on and after its effective date. *Wilson v. State*, 899 S.W.2d 36, 38 (Tex.App.—Amarillo 1995, pet. ref'd). Therefore, because appellant committed the offense before the range of punishment was lowered to a state jail felony, the trial court correctly punished appellant as a second degree felon. *Brady v. State*, 906 S.W.2d 268, 270 (Tex.App.—Amarillo 1995, pet. pending).

Appellant states that our decision in *Wilson v. State*, is wrong because (1) we mischaracterized section 311.031(b) of the Texas Government Code as a general savings clause; (2) we should have determined that the savings clause in section 311.031(b) of the Government Code is more specific than the savings clause in the legislation amending section 481.115 of the Health Code; and (3)

---

1. All references to section 481.115 of the Health Code are to that section of the Texas Health and Safety Code Annotated (Vernon Supp.1996).

**92**

we determined that the savings clause of section 311.031 of the Government Code conflicts with the savings clause of the amending legislation. Disagreeing with appellant's contentions, we reaffirm and follow our analysis in *Wilson,* as other courts of appeals have done. *Delgado v. State,* 908 S.W.2d 317 (Tex.App.—El Paso 1995, no pet. h.); *Castaneda v. State,* 911 S.W.2d 773 (Tex.App.—San Antonio, 1995, no pet. h.); *Perry v. State,* 902 S.W.2d 162, 163 (Tex.App.—Houston [1st Dist.] 1995, pet. ref'd.); *see also Davis v. State,* 905 S.W.2d 655, 664–65 (Tex.App.—Texarkana 1995, pet. ref'd).

Appellant also argues that the punishment assessed violated the federal and Texas constitutional prohibitions against cruel and unusual punishment. We disagree.

 Where, as here, the defendant asserts several constitutional grounds for reversal on appeal, he should separate federal and state issues, and provide substantive argument or analysis on each separate ground. Because appellant does not give a sufficient distinction between state and federal constitutional grounds, the point of error is multifarious. *Smith v. State,* 898 S.W.2d 838, 846 (Tex.Cr.App.1995); *Heitman v. State,* 815 S.W.2d 681, 690–91 n. 23 (Tex.Cr.App.1991). Further, nothing is preserved for review because appellant failed to raise the severity of his sentence when punishment was assessed or in a new trial motion. *Chapman v. State,* 859 S.W.2d 509, 515 (Tex.App.—Houston [1st Dist.] 1993, no pet.). Moreover, since the punishment assessed is within the statutory range of punishment of the statute in effect when he committed the underlying offense and before the statutory amendment, the punishment assessed was not so plainly disproportionate as to shock the sense of humankind and thus constitute cruel and unusual punishment prohibited by the federal and state constitutions. *Samuel v. State,* 477 S.W.2d 611, 614 (Tex.Cr.App.1972); *see also Davis v. State,* 905 S.W.2d at 664–65. Consequently, appellant's sole point of error is overruled.

Accordingly, the judgment is affirmed.

QUINN, J., concurs.

QUINN, Justice, concurring.

As author of *Brady v. State,* 906 S.W.2d 268 (Tex.App.—Amarillo 1995, pet. pending), I wholeheartedly agree with the majority and its disposition of the case. Yet, I write to further illustrate the baselessness of the argument appellant makes here.

The state jail felony punishment provisions apply solely to state jail felonies. *Tex.Pen. Code Ann.* § 12.35(a) (Vernon 1994). Yet, the offense committed by appellant was not a state jail felony when committed. Moreover, he does not argue that the various savings clauses retroactively changed the status of his crime to a state jail felony. Thus, I cannot logically fathom how punishment restricted to a state jail felony can be used to address non-state jail felonies and, therefore, must conclude that it cannot.