NO. 07-02-0005-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



OCTOBER 17, 2002



______________________________




ROY PERKINS III, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE COUNTY COURT AT LAW NO. 2 LUBBOCK COUNTY;



NO. 2001-474903; HONORABLE DRUE FARMER, JUDGE



_______________________________



Before BOYD, C.J., and QUINN and REAVIS, JJ.

 Upon a plea of not guilty, a jury convicted appellant Roy Perkins III of criminal
trespass and the trial court assessed punishment at 180 days confinement, probated for
two years. By two issues, appellant asserts 1) the evidence was insufficient to prove his
continued presence on the premises occurred without the effective consent of the named
complainant; and (2) the evidence was insufficient to sustain the conviction because
appellant did not receive adequate notice to leave the premises. Based upon the rationale
expressed herein, we affirm. 

 On May 21, 2001, between 3:30 and 4:00 a.m., appellant was visiting his aunt at
University Medical Center in Lubbock, Texas, and waited in an area near the business
office and the emergency room. At that time, two female co-workers, Lucero and Roach,
were at their work station in the business office. A glass security partition with an opening
near the base separated the business office from the waiting area. While Roach was
standing with her back to the glass partition, appellant reached underneath the partition
into the business office through the opening. When Lucero saw appellant reaching
through the opening, she determined appellant was attempting to grab Roach. Lucero
warned Roach of appellant's actions and admonished appellant to remove his hands. 
Appellant withdrew his hands from the window and went to the men's room. In the
meantime, Lucero, the named victim in the complaint, and Roach reported the occurrence
to the hospital's security officer, who was also an off-duty officer with the Lubbock Police
Department. The officer subsequently approached appellant and instructed him to leave
the premises. Appellant left the building accompanied by the officer, but when he reached
the parking lot, he refused to leave the premises and was placed under arrest for criminal
trespass.

 By his first issue, appellant contends the evidence was legally and factually
insufficient to prove his continued presence on the premises occurred without the effective
consent of the named complainant, Lucero. He argues because Lucero never expressed
a desire that he be removed from the premises and simply gave the police officer her name
and address as a witness, the evidence is insufficient to sustain the conviction. We
disagree.

 When both the legal and factual sufficiency of the evidence are challenged, we
must first determine whether the evidence is legally sufficient to support the verdict. 
Clewis v. State, 922 S.W.2d 126, 133 (Tex.Cr.App. 1996). It is a fundamental rule of
criminal law that one cannot be convicted of a crime unless it is shown beyond a
reasonable doubt that the defendant committed each element of the alleged offense. U.S.
Const. amend. XIV; Tex. Code Crim. Proc. Ann. art. 38.03 (Vernon Supp. 2002); Tex.
Pen. Code Ann. § 2.01 (Vernon Supp. 2002). In conducting a legal sufficiency review, we
must determine whether, after viewing the evidence in the light most favorable to the
prosecution, any rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318, 99 S.Ct. 2781, 2789,
61 L.Ed.2d 560, 573 (1979); Geesa v. State, 820 S.W.2d 154, 157 (Tex.Cr.App. 1991),
overruled on other grounds, Paulson v. State, 28 S.W.3d 570, 573 (Tex.Cr.App. 2000). 
As an appellate court, we may not sit as a thirteenth juror, but must uphold the verdict
unless it is irrational or unsupported by more than a mere modicum of evidence. Moreno
v. State, 755 S.W.2d 866, 867 (Tex.Cr.App. 1988). 

 After conducting a legal sufficiency review under Jackson, we may proceed with a
factual sufficiency review. Clewis, 922 S.W.2d at 133. The Court of Criminal Appeals has
directed us to ask whether a neutral review of all the evidence, both for and against the
finding, demonstrates that the proof of guilt is so obviously weak as to undermine
confidence in the fact finder's determination, or the proof of guilt, although adequate if
taken alone, is greatly outweighed by contrary proof. Johnson v. State, 23 S.W.3d 1, 11
(Tex.Cr.App. 2000) (adopting complete civil factual sufficiency formulation); see also King
v. State, 29 S.W.3d 556, 563 (Tex.Cr.App. 2000). Accordingly, we will reverse the fact
finder's determination only if a manifest injustice has occurred. Johnson, 23 S.W.3d at 12. 
In conducting this analysis, we may disagree with the fact finder's determination, even if
probative evidence supports the verdict, but must avoid substituting our judgment for that
of the fact finder. See Santellan v. State, 939 S.W.2d 155, 164 (Tex.Cr.App. 1997). 

 Before determining whether the evidence is legally sufficient to sustain the
conviction, we must review the essential elements the State was required to prove. The
elements of the offense are that: 1) a person 2) without effective consent 3) enters or
remains on the property or in a building of another 4) when he had notice that entry was
forbidden or received notice to depart. Tex. Pen. Code Ann. § 30.05(a) (Vernon Supp.
2002). According to the complaint, appellant remained on the property without the
effective consent of Lucero, one of the hospital employees on duty in the business office. 
Appellant argues the State did not meet its burden to prove lack of effective consent. We
disagree.

 Lucero testified that when she saw appellant reaching through the window that she
told him to stop and alerted Roach, and then they both went to get the security officer. 
Lucero and Roach both testified about the event and the concern appellant's behavior
created. Roach testified she conveyed her concerns to the officer. The officer testified at
trial that the two women reported that appellant reached under the partition and attempted
to touch Roach and that they identified appellant at that time by pointing him out. 
"Effective consent" includes consent by a person legally authorized to act for the owner. 
Tex. Pen. Code Ann. § 1.07(a) (19) (Vernon Supp. 2002). "Consent" means assent in fact,
whether express or apparent. Tex. Pen. Code Ann. § 1.07(a)(11) (Vernon Supp. 2002). 
Because consent is defined as "assent in fact, whether express or apparent," the absence
of consent can be inferred from the attending circumstances. Id. (Emphasis added). 
Based upon the officer's testimony, both women approached him to report appellant's
disturbance. Lucero's desire appellant be removed from the presence could therefore be
inferred from the attending circumstances. Accordingly, considering the evidence in the
light most favorable to the prosecution, we find the evidence of lack of effective consent
legally sufficient to support appellant's criminal trespass conviction.

 Having concluded the evidence of lack of effective consent is legally sufficient to
support the verdict, we must now determine, after a neutral review of all the evidence,
whether it is factually sufficient to support the verdict. Johnson, 23 S.W.3d at 11. It is the
exclusive province of the fact finder to determine the credibility of the witnesses and the
weight to be given their testimony. Johnson v. State, 571 S.W.2d 170, 173 ( Tex.Cr.App.
1978); Armstrong v. State, 958 S.W.2d 278, 284 (Tex.App.-Amarillo 1997, pet. denied).

 Appellant argues that when Lucero testified, she claimed she gave the officer her
name and address, but never gave a statement to the officer about the disturbance
appellant created. Appellant reasons that as the named complainant, because Lucero
never specifically asked the officer to remove appellant from the premises, nor did she
specifically so indicate under direct examination, (1) that the evidence is factually insufficient
on the issue of effective consent. However, the officer testified Lucero approached him
and reported appellant created a disturbance. Although this created a conflict between
the complainant's and the arresting officer's testimony, it is the exclusive province of the
fact finder to determine the credibility of the witnesses and the weight to be given their
testimony. Johnson, 571 S.W.2d at 173. Although she never explicitly stated under oath
a desire appellant be removed from the premises, the jury was free to conclude that was
her desire from the nature of her other testimony, or otherwise explain the conflict. 
Moreover, because the State may prove its case by direct or circumstantial evidence so
long as it shoulders its burden of proving all elements of the charged offense beyond a
reasonable doubt, an element of criminal trespass may be shown by circumstantial
evidence. McDuff v. State, 939 S.W.2d 607, 623 (Tex.Cr.App.1997). Accordingly, on the
issue of effective consent, we cannot say the proof of guilt is so obviously weak as to
undermine confidence in the fact finder's determination. Issue one is overruled.

 By his second issue, appellant contends the evidence was insufficient to sustain his
conviction because he did not receive adequate notice to leave the premises. We
disagree. The testimony at trial about the actual arrest was in conflict. Appellant, his
mother, and cousin all testified appellant was on his way to his mother's vehicle, when the
arresting officer, for reasons unknown to them, simply placed appellant under arrest. 
However, the arresting officer testified that he instructed appellant to leave and followed
him to his car in the hospital parking lot, where appellant refused to leave the premises
prompting his arrest.

 Appellant concedes the officer told him "to leave and not come back until appellant
had reason to come back." Nevertheless appellant contends, without citing any authority
in support of this contention, that the notice given to him to leave the premises was
somehow inadequate. We note the jury believed the State's version of events, but
recognize that on the issue of notice, it is irrelevant which version they believed because
the officer's uncontradicted testimony that he told appellant to "leave" is sufficient to
support appellant's conviction. Moreover, both versions establish that the notice given
was adequate. Because he was clearly instructed to leave, the officer's second instruction
regarding appellant's motive for return to the hospital was immaterial to the question of his
departure from the premises. We conclude, under the appropriate standards of review,
the evidence was both legally and factually sufficient to support a finding of notice to leave
under Tex. Pen. Code Ann. § 30.05(b)(2)(A) (Vernon Supp. 2002). Issue two is overruled.

 Accordingly, the judgment of the trial court is affirmed. 


 Don H. Reavis

 Justice


Do not publish.





 
1. Under examination complainant was never asked whether she wanted appellant
removed from the hospital.



ing jurisdiction and jury selection. We agree that the
record does not support a contention with regard to either of these issues. Secondly,
counsel considers the legal and factual insufficiency of the evidence to support appellant’s
conviction. After a complete review of the record, however, we agree with appellate counsel
that evidentiary insufficiency grounds do not arguably support an appeal. Counsel next
discusses the jury charges at both guilt-innocence and punishment and concludes there is
no arguable issue for appeal on this point. We agree with counsel’s conclusion.
          Counsel then discusses issues pertaining to appellant’s punishment and concludes
there is no arguable such issue on appeal. We agree. The trial court assessed punishment
for appellant at forty-one years of confinement in the Institutional Division of the Texas
Department of Criminal Justice, a term within the permissible range. See Tex. Penal Code
Ann. § 29.03(b) (Vernon 2003). It is the general rule that as long as a sentence is within
the proper range of punishment, it will not be disturbed on appeal. Jackson, 680 S.W.2d
at 814; Rodriguez v. State, 917 S.W.2d 90, 92 (Tex.App.–Amarillo 1996, pet. ref’d) (Texas
courts have traditionally held that as long as the sentence is within the range of punishment
established by the Legislature in a valid statute, it does not violate state or federal
prohibitions).
          Lastly, counsel identifies the possibility that appellant might argue he had received
ineffective assistance of counsel at trial. See Strickland v. Washington, 466 U.S. 668, 104
S.Ct. 2052, 80 L.Ed.2d 674 (1984) and Hernandez v. State, 726 S.W.2d 53, 57
(Tex.Crim.App. 1986) (establishing standard for effective assistance of counsel). We agree
with counsel that the record contains no support for such a contention. 
          Our review convinces us that appellate counsel conducted a complete review of the
record. We have also made an independent examination of the entire record to determine
whether there are any arguable grounds which might support the appeal from appellant’s
conviction and sentence. We agree the record presents no arguably meritorious grounds
for review. Accordingly, we grant counsel's motion to withdraw


 and affirm the judgment
of the trial court. 
 
                                                                           James T. Campbell

                                                                                     Justice

 
 
 
Do not publish.