NO. 07-07-0155-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



JUNE 27, 2007


 ______________________________



JEROME POWERS, APPELLANT



V.



TOMMY ADAMS; DONNA ADAMS; CASSIE VAN SLYKE;


LYDIA MARTIN, AS NEXT FRIEND OF BRIGETTE RANGEL;


AND RHONNA WELBORN, AS NEXT FRIEND OF


LINDSEY WELBORN, APPELLEES


_________________________________



FROM THE COUNTY COURT AT LAW NO. 3 OF LUBBOCK COUNTY;



NO. 2005-597,692; HONORABLE PAULA LANEHART, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

ON AGREED MOTION TO DISMISS


 Appellant, Jerome Powers, and appellees, Tommy Adams; Donna Adams; Cassie
Van Slyke; Lydia Martin, as next friend of Brigette Rangel; and Rhonna Welborn, as next
friend of Lindsey Welborn, filed an Agreed Motion to Dismiss Appeal on June 15, 2007. 
The Agreed Motion to Dismiss is signed by both parties' counsel.

 Without passing on the merits of the case, the parties' Agreed Motion to Dismiss
Appeal is granted and the appeal is dismissed. Tex. R. App. P. 42.1. The Agreed Motion
requests that each party bear their own costs incurred for the appeal. As the Agreed
Motion meets the requisites of an enforceable agreement, see Tex. R. App. P. 6.6, we
hereby order that each party to the appeal bear their own costs. See Tex. R. App. P.
42.1(d). Having dismissed the appeal at the parties' request, no motion for rehearing will
be entertained and our mandate will issue forthwith.


 Mackey K. Hancock

 Justice






 font-family: "Arial", sans-serif;
 font-size: 12pt;
 font-weight: normal;
 font-style: normal;
 font-variant: normal;
 text-align: left;
 text-decoration: none;
 color: black;
 vertical-align: middle;
 text-indent: 0in
}

body
{
 font-family: "Arial", sans-serif;
 font-size: 12pt;
 font-weight: normal;
 font-style: normal;
 margin-left: 0.0625in;
 padding-left: 0.1in
}





NO. 07-08-0171-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B
 
JUNE 5, 2009
______________________________

JAMES DOUGLAS SLAGLE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

NO. 18727-C; HONORABLE ANA ESTEVEZ, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
MEMORANDUM OPINION
          Appellant James Douglas Slagle appeals from his conviction by jury of sexual
assault and the trial court’s sentence of twelve years’ confinement in the Institutional
Division of the Texas Department of Criminal Justice. Appellant's attorney has filed a brief
in compliance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493
(1967) and In re Schulman, 252 S.W.3d 403 (Tex.Crim.App. 2008) and certifies that there
are no non-frivolous issues to appeal. Agreeing with appointed counsel’s conclusion the
record fails to show any arguably meritorious issue that could support the appeal, we affirm
the trial court’s judgment. 
          Appellant was charged by indictment with sexual assault.


 The indictment also
contained a second count for burglary of a habitation with intent to commit sexual assault.
Appellant plead not guilty. The evidence at trial showed that during the late evening or
early morning hours of February 7, 2008, a female victim, sleeping in her bed in her
apartment, awakened to find a man on top of her. Appellant was a friend of the victim’s
brother, and she identified him as her assailant. She testified she recognized his voice
when he spoke and recognized his figure as he left her bedroom. A sexual assault nurse
examiner testified she found minor injuries to the victim consistent with forced penetration. 
No physical evidence tied appellant to the attack.
          Appellant later gave a recorded statement to police, denying he had assaulted the
victim. Appellant told police he had engaged in consensual intercourse with the victim two
weeks before. During her testimony, the victim denied any consensual relationship with
appellant. He did not testify at trial, but presented the testimony of a friend who said
appellant was in a nearby apartment at the time of the assault. Other witnesses also
testified appellant was in the nearby apartment at various times during the evening.
 
          The jury found appellant guilty of sexual assault and sentenced him to imprisonment
for a term of twelve years. The trial court certified appellant’s right of appeal and this
appeal followed.
          Thereafter, appellant's appointed appellate counsel filed a motion to withdraw and
a brief in support pursuant to Anders in which she certifies that she has diligently reviewed
the record and, in her professional opinion, under the controlling authorities and facts of the
case, there is no reversible error or legitimate ground on which a non-frivolous appeal can
arguably be predicated. The brief discusses in detail the procedural history of this case and
the events at trial. Counsel discusses the applicable law and sets forth the reasons she
believes there are no arguably meritorious issues on which to appeal. Counsel has certified
that a copy of the Anders brief and motion to withdraw have been served on appellant, and
that counsel has advised appellant of his right to review the record and file a pro se
response. Johnson v. State, 885 S.W.2d 641, 645 (Tex.App.–Waco 1994, pet. ref'd). By
letter, this Court also notified appellant of his opportunity to submit a response to the Anders
brief and motion to withdraw filed by his counsel. Appellant has not filed a response.
          In conformity with the standards set out by the United States Supreme Court, we will
not rule on the motion to withdraw until we have independently examined the record in each
matter. Nichols v. State, 954 S.W.2d 83, 86 (Tex.App.–San Antonio 1997, no pet.). If this
Court determines the appeal has merit, we will remand it to the trial court for appointment
of new counsel. Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App.1991).
 
          In her brief, appellate counsel discusses several grounds on which a meritorious
appeal might lie. Counsel first addresses potential issues concerning the factual sufficiency
of the evidence to support appellant’s conviction. We agree the record does not support
an arguably meritorious contention with regard to the jury’s resolution of the conflicting
testimony. 
          Secondly, counsel notes potential abuse of discretion by the trial court in allowing the
introduction into evidence of the record of the victim’s 911 call. We review a trial court’s
decision to admit or exclude evidence under an abuse of discretion standard. Shuffield v.
State, 189 S.W.3d 782, 793 (Tex.Crim.App. 2006). The trial court abuses its discretion only
when the decision lies “outside the zone of reasonable disagreement.” Walters v. State,
247 S.W.3d 204, 217 (Tex.Crim.App. 2007). After a complete review of the record, we
agree with appellate counsel that the ground identified does not arguably support an
appeal. 
          Lastly, counsel identifies the possibility that appellant might argue he had received
ineffective assistance of counsel at trial because counsel allowed appellant’s recorded
statement to be admitted into evidence without objection. See Strickland v. Washington,
466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and Hernandez v. State, 726 S.W.2d
53, 57 (Tex.Crim.App. 1986) (establishing standard for ineffective assistance of counsel). 
We agree with counsel that the record contains no support for such a contention. 
 
          We note also we see no appealable issues with regard to appellant’s assessed
punishment. The jury assessed punishment at twelve years of confinement in the
Institutional Division of the Texas Department of Criminal Justice, a term within the
permissible range. See Tex. Penal Code Ann. § 22.011 (Vernon 2005); Tex. Penal Code
Ann. § 12.33 (Vernon 2003). It is the general rule that a sentence within the proper range
of punishment will not be disturbed on appeal. Jackson v. State, 680 S.W.2d 809, 814
(Tex.Crim.App. 1984); Rodriguez v. State, 917 S.W.2d 90, 92 (Tex.App.–Amarillo 1996, pet.
ref’d).
          Our review convinces us that appellate counsel conducted a complete review of the
record. We have also made an independent examination of the entire record to determine
whether there are any arguable grounds which might support the appeal from appellant’s
conviction and sentence. We agree the record presents no meritorious grounds for review. 
 Accordingly, we grant counsel's motion to withdraw


 and affirm the judgment of the trial
court. 
 
                                                                           James T. Campbell

                                                                                     Justice

 
 
Do not publish.