2-05-347-CR

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-347-CR

AVIEL CHARLES AKA AVRIEL CHARLES APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Introduction

Appellant Aviel Charles a/k/a Avriel Charles appeals his sixty-year sentence for possession of a controlled substance with intent to deliver enhanced by a deadly weapon finding.  In his sole point, appellant argues that the trial court abused its discretion by assessing his punishment.  We affirm.

Background Facts

On August 1, 2005, appellant pled guilty to the offense of possession of a controlled substance of over 400 grams or more with intent to deliver.  Appellant pled “not true” to the allegation that he used or exhibited a deadly weapon in committing the offense.  On August 19, 2005, after reviewing the presentence investigation report (PSI) and testimony offered at the punishment hearing, the trial court sentenced appellant to sixty years’ confinement and found the deadly weapon allegation to be true.  Appellant received credit for time already served, which included time spent while released but wearing a monitor.

Analysis

In his sole point, appellant argues that the trial court abused its discretion by assessing his punishment at sixty years’ confinement.  Appellant alleges that the trial court failed to consider his acceptance of responsibility for the commission of the offense in setting punishment.  Additionally, appellant claims that testimony was introduced during the sentencing hearing regarding his willingness to aid law enforcement in apprehending other individuals. 

Punishment assessed by the trial court will not be disturbed on appeal absent a showing of abuse of discretion.  
Jackson v. State
, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984).  The allowable discretion of the trial judge in assessing a term of years is limited only by the maximum provided by law. 
Tamminen v. State
, 653 S.W.2d 799, 803 (Tex. Crim. App. 1983).  Appellant contends that this rule is tempered by the following passage from 
Jackson v. State
:

In our review of a trial judge’s determination of the appropriate punishment in any given case a great deal of discretion is allowed the sentencing judge. . . .  It is also the general rule that as long as a sentence is within the proper range of punishment it will not be disturbed on appeal.  However, in all of the cases
 
dealing with review in this area there was at least some evidence or facts available to the court and upon which the court could have relied in assessing punishment.  

680 S.W.2d at 814 (citations omitted). Appellant argues that 
Jackson
, therefore, “intimates that a trial court judge may abuse his discretion in sentencing even if the punishment determination falls within the range of punishment prescribed for a particular offense.”

However, an appellant may not assert error pertaining to his sentence or punishment when he failed to object or otherwise raise the error in the trial court.  
Tex. R. App. P.
 33.1(a)(1), 
Mercado v. State
, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986); 
Rodriguez v. State, 
917 S.W.2d 90, 92 (Tex. App.—Amarillo 1996, pet. ref’d) (stating that error was not preserved for review because appellant failed to raise the severity of his sentence when punishment was assessed and failed to file a motion for new trial); 
Davis v. State
, No. 02-04-00132-CR, 2005 WL 627104, at *1 (Tex. App.སྭFort Worth Mar. 17, 2005, pet. ref’d) (mem. op.) (not designated for publication).  There is nothing in the appellate record indicating that appellant objected to the sentence. 

Because appellant failed to preserve any error, we overrule his sole point.
(footnote: 2)
Conclusion

Having overruled appellant’s sole point, we affirm the trial court’s judgment.

TERRIE LIVINGSTON

JUSTICE

PANEL F: CAYCE, C.J.; LIVINGSTON and McCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: September 20, 2007

FOOTNOTES
1:
See
 
Tex. R. App
. P. 47.4.

2:
Moreover, there was ample evidence supporting the trial court’s decision, including a PSI and witness testimony, and the sentence was well within the permissible statutory limit.  
See
 
Tex. Health & Safety Code Ann.
 § 481.112(a), (f) (Vernon 2003).