COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-347-CR

 

 

AVIEL CHARLES AKA AVRIEL CHARLES                                  APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

                                            Introduction

Appellant Aviel Charles a/k/a
Avriel Charles appeals his sixty-year sentence for possession of a controlled
substance with intent to deliver enhanced by a deadly weapon finding.  In his sole point, appellant argues that the
trial court abused its discretion by assessing his punishment.  We affirm.

 








Background Facts

On August 1, 2005, appellant
pled guilty to the offense of possession of a controlled substance of over 400
grams or more with intent to deliver. 
Appellant pled Anot true@ to the allegation that he used or exhibited a deadly weapon in
committing the offense.  On August 19,
2005, after reviewing the presentence investigation report (PSI) and testimony
offered at the punishment hearing, the trial court sentenced appellant to sixty
years= confinement and found the deadly weapon allegation to be true.  Appellant received credit for time already
served, which included time spent while released but wearing a monitor.

Analysis

In his sole point, appellant
argues that the trial court abused its discretion by assessing his punishment
at sixty years=
confinement.  Appellant alleges that the
trial court failed to consider his acceptance of responsibility for the
commission of the offense in setting punishment.  Additionally, appellant claims that testimony
was introduced during the sentencing hearing regarding his willingness to aid
law enforcement in apprehending other individuals. 








Punishment assessed by the
trial court will not be disturbed on appeal absent a showing of abuse of
discretion.  Jackson v. State, 680
S.W.2d 809, 814 (Tex. Crim. App. 1984). 
The allowable discretion of the trial judge in assessing a term of years
is limited only by the maximum provided by law. Tamminen v. State, 653
S.W.2d 799, 803 (Tex. Crim. App. 1983). 
Appellant contends that this rule is tempered by the following passage
from Jackson v. State:

In our review of a trial judge=s determination
of the appropriate punishment in any given case a great deal of discretion is
allowed the sentencing judge. . . .  It
is also the general rule that as long as a sentence is within the proper range
of punishment it will not be disturbed on appeal.  However, in all of the cases dealing with
review in this area there was at least some evidence or facts available to the
court and upon which the court could have relied in assessing punishment.  

 

680 S.W.2d at 814 (citations omitted). Appellant
argues that Jackson, therefore, Aintimates that a trial court judge may abuse his discretion in
sentencing even if the punishment determination falls within the range of
punishment prescribed for a particular offense.@








However, an appellant may not
assert error pertaining to his sentence or punishment when he failed to object
or otherwise raise the error in the trial court.  Tex.
R. App. P. 33.1(a)(1), Mercado v. State, 718 S.W.2d 291, 296
(Tex. Crim. App. 1986); Rodriguez v. State, 917 S.W.2d 90, 92 (Tex. App.CAmarillo 1996, pet. ref=d) (stating that error was not preserved for review because appellant
failed to raise the severity of his sentence when punishment was assessed and
failed to file a motion for new trial); Davis v. State, No.
02-04-00132-CR, 2005 WL 627104, at *1 (Tex. App._Fort
Worth Mar. 17, 2005, pet. ref=d) (mem. op.) (not designated for publication).  There is nothing in the appellate record
indicating that appellant objected to the sentence. 

Because appellant failed to
preserve any error, we overrule his sole point.[2]

Conclusion

Having overruled appellant=s sole point, we affirm the trial court=s judgment.

 

TERRIE LIVINGSTON

JUSTICE

 

PANEL F:    CAYCE, C.J.; LIVINGSTON and McCOY, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
September 20, 2007











[1]See Tex. R. App. P. 47.4.





[2]Moreover,
there was ample evidence supporting the trial court=s
decision, including a PSI and witness testimony, and the sentence was well
within the permissible statutory limit.  See
Tex. Health & Safety Code Ann.
'
481.112(a), (f) (Vernon 2003).