NO. 07-08-0154-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 12, 2009
_____

JAKAN ARTHUR KENDRICK, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY;

NO. 1072467D; HONORABLE MICHAEL THOMAS, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant Jakan Arthur Kendrick appeals from his conviction by jury of aggravated robbery with a deadly weapon and the trial court's sentence of forty-one years confinement in the Institutional Division of the Texas Department of Criminal Justice.[1] Appellant's attorney has filed a brief in compliance with *Anders* v. *California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *In re Schulman,* 252 S.W.3d 403 (Tex.Crim.App. 2008).

_____

[1] *See* Tex. Penal Code Ann. § 29.03(a) (Vernon 2007). This is a first degree felony punishable by life or for any term of not more than 99 years or less than 5 years and a fine not to exceed $10,000. Tex. Penal Code Ann. § 12.32 (Vernon 2003).

Agreeing with appointed counsel's conclusion the record fails to show any arguably meritorious issue that could support the appeal, we affirm the trial court's judgment.

Appellant was charged by indictment with aggravated robbery with a deadly weapon, based on events alleged to have occurred in Tarrant County in May 2007. The indictment also contained a habitual offender notice. After the jury returned a verdict of guilty as alleged in the indictment, appellant plead true to the habitual offender allegation. The trial court heard punishment evidence and sentenced appellant to imprisonment for a term of forty-one years. The trial court certified appellant's right of appeal and this appeal followed.

The record reflects that the State presented evidence to show that on May 31, 2007, Eduardo Avendano was robbed of cash at gunpoint while working at a store. The robbery was captured by the store's video system and the recording was admitted at trial without objection and played before the jury. On that evening, one of two robbers asked Avendano if he could cash a paycheck from a nearby company. Because the robber mentioned the company's name, the investigating police officer showed the company's general manager the video recording of the robbery. The manager identified one of the robbers as appellant, a former employee. Avendano later positively identified appellant as the robber who pulled out a handgun during the robbery.

Following the presentation of the evidence, the jury found appellant guilty as charged in the indictment. Appellant went to the trial court for punishment and, as noted, plead "true" to the habitual offender notice. After receiving appellant's plea of "true" as well

as other evidence, the trial court assessed punishment against appellant at forty-one years of confinement.  Appellant timely appealed.

Thereafter, appellant's appointed appellate counsel has filed a motion to withdraw and a brief in support pursuant to *Anders* in which she certifies that she has diligently reviewed the record and, in her professional opinion, under the controlling authorities and facts of the case, there is no reversible error or legitimate grounds on which a non-frivolous appeal can arguably be predicated.  The brief discusses in detail the procedural history of this case and the events at trial. Counsel thoroughly discusses the applicable law and sets forth the reasons she concludes there are no arguably meritorious appellate issues.  Counsel has certified that a copy of the *Anders* brief and motion to withdraw have been served on appellant, and that counsel has advised appellant of his right to review the record and file a *pro se* response. *Johnson v. State*, 885 S.W.2d 641, 645 (Tex.App.–Waco 1994, pet. ref'd).  By letter, this Court also notified appellant of his opportunity to submit a response to the *Anders* brief and motion to withdraw filed by his counsel.  Appellant has not filed a response.

In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record. *Nichols v. State*, 954 S.W.2d 83, 86 (Tex.App.–San Antonio 1997, no pet.).  If this Court determines the appeal has merit, we will remand it to the trial court for appointment of new counsel.  *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App.1991).

Appellate counsel's brief discusses grounds on which a meritorious argument might lie on appeal, and considers the application of each ground to this case. Counsel first addresses potential issues concerning jurisdiction and jury selection. We agree that the record does not support a contention with regard to either of these issues. Secondly, counsel considers the legal and factual insufficiency of the evidence to support appellant's conviction. After a complete review of the record, however, we agree with appellate counsel that evidentiary insufficiency grounds do not arguably support an appeal. Counsel next discusses the jury charges at both guilt-innocence and punishment and concludes there is no arguable issue for appeal on this point. We agree with counsel's conclusion.

Counsel then discusses issues pertaining to appellant's punishment and concludes there is no arguable such issue on appeal. We agree. The trial court assessed punishment for appellant at forty-one years of confinement in the Institutional Division of the Texas Department of Criminal Justice, a term within the permissible range. *See* Tex. Penal Code Ann. § 29.03(b) (Vernon 2003). It is the general rule that as long as a sentence is within the proper range of punishment, it will not be disturbed on appeal. *Jackson,* 680 S.W.2d at 814; *Rodriguez v. State,* 917 S.W.2d 90, 92 (Tex.App.–Amarillo 1996, pet. ref'd) (Texas courts have traditionally held that as long as the sentence is within the range of punishment established by the Legislature in a valid statute, it does not violate state or federal prohibitions).

Lastly, counsel identifies the possibility that appellant might argue he had received ineffective assistance of counsel at trial. *See Strickland v. Washington,* 466 U.S. 668, 104

S.Ct. 2052, 80 L.Ed.2d 674 (1984) and *Hernandez v. State,* 726 S.W.2d 53, 57 (Tex.Crim.App. 1986) (establishing standard for effective assistance of counsel). We agree with counsel that the record contains no support for such a contention.

Our review convinces us that appellate counsel conducted a complete review of the record. We have also made an independent examination of the entire record to determine whether there are any arguable grounds which might support the appeal from appellant's conviction and sentence. We agree the record presents no arguably meritorious grounds for review. Accordingly, we grant counsel's motion to withdraw[2] and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

---

[2] Counsel shall, within five days after the opinion is handed down, send her client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review. Tex. R. App. P. 48.4.