NO. 07-11-0402-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MAY 31, 2012

_____

SHAWN QUINNEY,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 40TH DISTRICT COURT OF ELLIS COUNTY;

NO. 33,733CR; HONORABLE BOB CARROLL, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Shawn Quinney pled guilty to the offense of sexual performance by a child. Adjudication of his guilt was deferred, and he was placed on community supervision for ten years. The State moved to revoke that supervision and adjudicate his guilt within two years of his being granted probation. The motion was founded upon multiple grounds. Appellant pled true to the allegations. That resulted in the court's decision to adjudicate guilt and sentence appellant to twenty years imprisonment. If we were to liberally construe appellant's brief, it could be said that he

complains of 1) the trial court's decision to adjudicate his guilt, and 2) the purportedly excessive nature of the sentence imposed.  We affirm.

As for the decision to adjudicate guilt, an appellant's plea of true to any violations alleged in the State's motion to adjudicate guilt alone is sufficient to warrant the adjudication of his guilt.  *Jones v. State*, Nos. 2-09-147–CR & 2-09-148-CR, 2010 Tex. App. Lexis 1784, at *4 (Tex. App.–Fort Worth March 11, 2010, pet. ref'd) (not designated for publication) (stating that a plea of true to even one of the State's allegations is sufficient to support a revocation of community supervision); *Gomez v. State*, No. 07-98-0034-CR, 1998 Tex. App. Lexis 4679, at *4 (Tex. App.–Amarillo July 29, 1998, pet. ref'd) (not designated for publication) (stating that it is well established that a plea of true to the allegations contained in a motion to revoke is sufficient, without more, to sustain revocation); *see also Molinar v. State*, No. 14-08-00749-CR, 2010 Tex. App. LEXIS 5742, at *15 (Tex. App.–Houston [14th Dist.] July 22, 2010, pet. dism'd) (stating that it is well-established law that the sufficiency of the evidence of a probation revocation cannot be challenged in the face of a plea of true).  Here, appellant pled true to violating each of the six conditions of his community supervision, as alleged in the motion to adjudicate guilt.[1]  Thus, the decision to adjudicate guilt had ample evidentiary basis.

---

[1]Appellant went within 1000 feet of an elementary school on several occasions when he picked up his mother who was a teacher, but he testified he believed it was not a violation at 5:30 or 6:00 p.m. when children would not be there.  He was also at his place of work on two occasions when minors came unsupervised into the area where he was working, but stated he immediately left the area.  Additionally, he viewed pornographic material and websites on his I-Phone but stated he did not realize that the material was accessed through the internet.  Appellant was also delinquent in his payment of supervision fees, court costs, fines, and attorney's fees.

As for the purported excessiveness of his sentence, the complaint was not urged below. Thus, it was not preserved for review. *Kim v. State,* 283 S.W.3d 473, 475 (Tex. App.–Fort Worth 2009, pet. ref'd); *Rodriguez v. State,* 917 S.W.2d 90, 92 (Tex. App.– Amarillo 1996, pet. ref'd). Moreover, it fell within the range of punishment provided by statute for a felony of the second degree.[2] Thus, it was not *per se* illegal (or void) and, therefore, somehow free of the preservation requirement imposed by Texas Rule of Appellate Procedure 33.1.

Accordingly, appellant's issues are overruled, and the judgment is affirmed.

Brian Quinn
Chief Justice

Do not publish.

---

[2]The offense of sexual performance by a child is a second degree felony if the child is fourteen years of age or older. TEX. PENAL CODE ANN. § 43.25(c) (West 2011). The range of punishment for a second degree felony is a term of not more than twenty years or less than two years. *Id.* §12.33(a).

3