

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| LUIMAR APONTE RODRIGUEZ, A/K/A LUIMAR APONTERODRIGUEZ | § | No. 08-13-00240-CR |
| Appellant, | § | Appeal from the |
| | § | 372nd Judicial District Court |
| v. | § | |
| THE STATE OF TEXAS, | § | of Tarrant County, Texas |
| Appellee. | § | (TC# 1303976D) |
| | § | |

## **O P I N I O N**

Luimar Aponte Rodriguez a/k/a Luimar AponteRodriguez appeals his conviction and sentence for aggravated sexual assault of a child younger than 14 years' of age. In two issues, he challenges the sufficiency of the evidence supporting his conviction and the propriety and severity of his sentence. We affirm.

### **FACTUAL AND PROCEDURAL BACKGROUND**

Rodriguez was indicted for sexually assaulting A.S. by placing his mouth on A.S.'s penis. At trial, A.S. testified that when he was six years old, Rodriguez licked his "tee-tee" or "Pinga"—A.S.'s terms for his penis—on more than one occasion.[1] The testimony of the other

---

[1] A.S. was seven years' old when he testified at trial.

State's witnesses—A.S.'s grandmother and mother, the sexual assault nurse examiner, the investigating detective, and the forensic interviewer—was consistent with A.S.'s account of the incident.

A.S.'s grandmother, the outcry witness, related that A.S. revealed to her that Rodriguez "put his pinga in his mouth and began to suck on it." A.S.'s mother recounted that A.S.'s "exact words" to her when describing the incident "were that he put his mouth on his private parts and that 'he pumped it with his hand.'" The sexual assault nurse examiner testified that A.S. told her that "My brother's dad, Luis, put his mouth on my pinga." Although the nurse acknowledged that A.S. denied being fondled and having his penis licked, she reiterated that A.S. told her Rodriguez put his mouth on A.S.'s penis. The investigating detective likewise acknowledged that there were apparent discrepancies in the various accounts of the incident. However, she believed that the alleged discrepancies among the various accounts of the incident were inconsequential and did not undermine the veracity of A.S.'s accusation. Notably, she opined it was irrelevant "if a little boy first states that someone has their mouth on their penis and then they say, well, no, they sucked it and then they say, well, no, they licked it . . ." because Rodriguez would have had to place his mouth on A.S.'s penis to perform any of those acts. The forensic interviewer testified that A.S. told her that Rodriguez put his hand and mouth on A.S.'s "pinga."

In his opening statement following the close of evidence, defense counsel argued to the jury that the State had not proved its case because no one knew with certainty what really occurred given the cursory investigation and the litany of inconsistencies and unanswered questions. Defense counsel re-emphasized these points to the jury during his closing arguments. In particular, he directed the jury's attention to the inconsistencies among the various accounts of the

2

incident. Defense counsel also suggested that A.S.'s grandmother had fabricated the incident to gain custody of A.S.

The jury was not convinced by defense counsel's arguments and found Rodriguez guilty. The trial court released the jury and held a hearing on punishment.[2] At the hearing, the State reoffered all of its evidence, and defense counsel called Rodriguez's brother-in-law as a character witness. After considering the evidence and the parties' arguments, the trial court assessed punishment at twenty-five years' imprisonment.

## SUFFICIENCY OF THE EVIDENCE

In his first issue, Rodriguez argues the evidence is insufficient to sustain his conviction. We disagree.

### *Standard of Review*

The legal sufficiency standard articulated in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979), is the only standard a reviewing court applies in determining whether the evidence is sufficient to support a conviction. *Brooks v. State*, 323 S.W.3d 893, 894-95 (Tex.Crim.App. 2010). When reviewing the sufficiency of the evidence to support a criminal conviction, we view the evidence in the light most favorable to the verdict to determine whether, based on that evidence and reasonable inferences therefrom, a rational juror could have found the essential elements of the offense beyond a reasonable doubt. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex.Crim.App. 2007), *quoting Jackson*, 443 U.S. at 318-19, 99 S.Ct. at 2788-89.

Under a legal sufficiency review, we may not substitute our judgment for that of the jurors, who are the exclusive judge of the facts, the credibility of the witnesses, and the weight to be given

---

[2] Before trial, Rodriguez elected to have the trial court assess punishment.

3

to the evidence. *Williams v. State*, 235 S.W.3d 742, 750 (Tex.Crim.App. 2007). We therefore defer to the jurors' resolution of these issues and to their responsibility to draw reasonable inferences from basic facts to ultimate facts. *Hooper*, 214 S.W.3d at 13, *citing Jackson*, 443 U.S. at 318-19, 99 S.Ct. at 2788-89. In resolving what the facts are and what reasonable inferences may be drawn from them, the jurors may accept one version of the facts and reject another, and they may reject any part of a witness's testimony, even if uncontradicted. *See Margraves v. State*, 34 S.W.3d 912, 919 (Tex.Crim.App. 2000), *overruled on other grounds*, *Laster v. State*, 275 S.W.3d 512 (Tex.Crim.App. 2009); *Henderson v. State*, 29 S.W.3d 616, 623 (Tex.App.--Houston [1st Dist.] 2000, pet. ref'd).

### *Applicable Law*

A person commits the offense of aggravated sexual assault of a child if, *inter alia*, the person "intentionally or knowingly . . . causes the sexual organ of another person, without that person's consent, to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor" and "the victim is younger than 14 years of age." TEX. PENAL CODE ANN. §§ 22.021(a)(1)(B)(iii), (a)(2)(B)(West Supp. 2014).

### *Discussion*

When viewed in the light most favorable to the verdict, the evidence is sufficient to support the jury's finding that Rodriguez sexually assaulted A.S. by placing his mouth on A.S.'s penis. The evidence detailed above establishes that A.S. was younger than fourteen years' of age when the incident occurred, and Rodriguez does not claim otherwise on appeal. This same evidence also establishes that Rodriguez "intentionally or knowingly . . . cause[d] the sexual organ of another person, without that person's consent, to contact or penetrate the mouth, anus, or sexual

4

organ of another person, including the actor." A.S. testified that Rodriguez licked his penis, and the testimony of the other State's witnesses comports with A.S.'s testimony that Rodriguez placed his mouth on A.S.'s penis. The testimony of a child victim alone is sufficient to support a conviction for aggravated sexual assault. *Tear v. State*, 74 S.W.3d 555, 560 (Tex.App.--Dallas 2002, pet. ref'd).

Rodriguez contends—in three sentences in his brief—that the evidence is insufficient to support his conviction for the following reasons:

> The Appellant would show the Court that the child's testimony is suspect at best. The Appellant had no opportunity to abuse the child. Mr. Rodriguez has always maintained his innocence and the evidence was legally insufficient to convict him of Aggravated Sexual Assault of a Child Under Fourteen.

In essence, Rodriguez is assailing the credibility of A.S.'s testimony and the notion that he committed the offense. But reconciling conflicts in the evidence is within the exclusive province of the jury, and we may not substitute our judgment for that of the jurors. *See Williams*, 235 S.W.3d at 750; *Hooper*, 214 S.W.3d at 13. Moreover, a child victim is not expected or required to "testify with the same clarity and ability as is expected of mature and capable adults." *Villalon v. State*, 791 S.W.2d 130, 134 (Tex.Crim.App. 1990). The jurors observed A.S. as well as the other witnesses, and by finding Rodriguez guilty beyond a reasonable doubt, they necessarily resolved the veracity or motives of the State's witnesses, including A.S., in providing their testimony. The inescapable conclusion is that the jurors chose to believe the witnesses' testimony despite defense counsel's efforts to show its impossible or incredible nature.

Rodriguez's first issue is overruled.

## PROPRIETY OF THE SENTENCE

In his second issue, Rodriguez contends his sentence, though within the range prescribed

by statute,[3] constitutes cruel and unusual punishment under both the United States and Texas Constitutions because it is grossly disproportionate to his crime. The State counters that Rodriguez failed to preserve his complaint for appellate review because he did not raise it in the trial court. We agree.

### *Applicable Law*

To preserve error relating to the propriety and severity of punishment, including that the sentence imposed constitutes cruel and unusual punishment, a defendant must object to his sentence in the trial court. *See Mercado v. State*, 718 S.W.2d 291, 296 (Tex.Crim.App. 1986)("As a general rule, an appellant may not assert error pertaining to his sentence or punishment where he failed to object or otherwise raise such error in the trial court."); *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex.Crim.App. 1996)(concluding appellant failed to preserve challenge to sentence under state constitution's protection against cruel and unusual punishment because he did not object in trial court); *Curry v. State*, 910 S.W.2d 490, 497 (Tex.Crim.App. 1995)(concluding appellant failed to preserve challenge to sentence under federal constitution's protection against cruel and unusual punishment because he did not object in trial court); *Rodriguez v. State*, 917 S.W.2d 90, 92 (Tex.App.--Amarillo 1996, pet. ref'd)("[N]othing is preserved for review because appellant failed to raise the severity of his sentence when punishment was assessed or in a new trial motion.").

### *Discussion*

Here, Rodriguez failed to object to the propriety and severity of his twenty-five-year prison

---

[3] *See* TEX. PENAL CODE ANN. § 22.021(e)(West Supp. 2014)(aggravated sexual assault of a child younger than fourteen years is a first-degree felony) and TEX. PENAL CODE ANN. § 12.32 (West 2011)(punishment range for first-degree felony is 5 to 99 years or life in prison and a fine not to exceed $10,000).

sentence in the trial court.   By failing to do so, he has forfeited appellate review of his complaint.[4]

At punishment, Rodriguez did not object to the imposition of his sentence or its length.   When asked by the trial court if there was any legal reason why sentence could not be imposed then and there, Rodriguez's trial counsel responded that there was none.   Indeed, after pronouncing sentence and explaining its reasoning, the trial court asked the parties if there was "anything else either side needs to address for the record."   Both parties answered that they had "[n]othing . . . ." And there is nothing in the record indicating that Rodriguez raised his appellate complaint in a post-judgment motion.

Rodriguez's second issue is overruled.

## CONCLUSION

The trial court's judgment is affirmed.


February 4, 2015

                                        YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.

(Do Not Publish)

---

[4] Rodriguez does not address the issue of waiver on appeal.

7