

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-14-00193-CR

_____

JAMES KENNETH OLSEN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 71st District Court
Harrison County, Texas
Trial Court No. 13-0315X

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

After James Kenneth Olsen was indicted in Harrison County for the offense of driving while intoxicated, third or more, he entered an open plea of guilty and elected to have the trial court determine punishment. Following the preparation of a presentence investigative report, the trial court sentenced Olsen to five years' confinement. Olsen's motion for new trial was overruled by operation of law.

On appeal, Olsen argues (1) that the sentence violates his Eighth Amendment protections against cruel and unusual punishment and (2) that the trial court erred in considering his failure to state that he suffered from an alcohol problem.

We affirm the trial court's judgment because Olsen failed to properly preserve the issues about which he complains on appeal.

**I.      Olsen Failed to Preserve his Argument Regarding a Cruel and Unusual Sentence**

The record reflects that at the time of the punishment hearing, Olsen was in "extraordinary pain" and could "hardly speak" because he suffered from cancer of the throat, larynx, and esophagus; was still under a doctor's care due to recent surgery; and was undergoing continuous daily cancer treatment. In his first point of error, Olsen contends that although his sentence was well within the range prescribed by statute, it still constitutes cruel and unusual punishment because of his medical conditions.

To preserve error relating to the propriety and severity of punishment, including that the sentence imposed constitutes cruel and unusual punishment, a defendant must object to his sentence in the trial court. *See Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996)

(concluding appellant failed to preserve challenge under state constitution's prohibition against cruel and unusual punishment by failing to object in trial court); *Rodriguez v. State*, 917 S.W.2d 90, 92 (Tex. App.—Amarillo 1996, pet. ref'd) ("[N]othing is preserved for review because appellant failed to raise the severity of his sentence when punishment was assessed or in a new trial motion."). Here, Olsen did not complain about the propriety or severity of his sentence at the time it was imposed or in a motion for new trial. Therefore, we conclude that Olsen failed to preserve this issue for our review. *See* TEX. R. APP. P. 33.1(a)(1)(A).

## II. Olsen Failed to Preserve Error Regarding a Violation of his Fifth Amendment Rights

In his second and final point of error, Olsen argues that the trial court violated his Fifth Amendment rights by "considering [Olsen's] failure to state he suffers from an alcohol problem when [he] did not testify."

During the sentencing hearing, but prior to pronouncing sentence, the following colloquy occurred between the trial court and Olsen:

> THE COURT: . . . . Mr. Olsen, I don't you know [sic] the thing that caught my eye, other than the six DWIs, was the fact that you indicated that you didn't have a drinking problem and maybe you have addressed that issue right now. I don't know. One of my jobs is to protect the public and, you know, I understand the health condition. I looked at the information that was provided with regard to the programs that are there. I don't know what -- I was going to ask you, but you didn't -- I don't know if you even can talk. You got sentenced to three years how much of that time did you do?
>
> A [By Olsen] A minimum.
>
> THE COURT: Okay.
> Was that like within months you were out? That you didn't -- because that was 11 years ago on the three years that you got for your --
>
> A I have not been in trouble since.

3

THE COURT: I understand.

A    I have not had a drink. This was an isolated incident.

THE COURT: And Mr. Olsen I hear that every single time.

A    I know.

THE COURT: That is not -- you are not the first person that is telling me that.

A    I understand.

The trial court then sentenced Olsen to five years' confinement.

Not only did Olsen fail to object to the court's consideration of the evidence, Olsen answered the court's questions without objection. Therefore, because Olsen failed to raise his Fifth Amendment objection at trial or in a motion for new trial, he failed to preserve the issue for our review. *See* TEX. R. APP. P. 33.1(a)(1)(A).

Olsen having failed to raise a properly preserved issue for our review, we affirm the trial court's judgment.


Bailey C. Moseley
Justice

Date Submitted:    May 15, 2015
Date Decided:    May 22, 2015

Do Not Publish