NO. 07-08-0099-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 12, 2009
_____

TANISHA JO WALKER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 55,666-A; HONORABLE HAL MINER, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant Tanisha Jo Walker appeals from her conviction, on an open plea to the court, of the offense of possession of a controlled substance and the resulting sentence of twelve years confinement in the Institutional Division of the Texas Department of Criminal Justice. Appellant's attorney has filed a brief in compliance with *Anders* v. *California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *In re Schulman,* 252 S.W.3d 403 (Tex.Crim.App. 2008). Agreeing with appointed counsel's conclusion the

record fails to show any arguably meritorious issue that could support the appeal, we affirm the trial court's judgment.

In July 2007, appellant was indicted for the offense of possession of cocaine, in an amount of four grams or more but less than two hundred grams.[1] The indictment also contained a drug-free zone notice. In December 2007, appellant entered a guilty plea to the charge as indicted and entered a plea of "true" to the drug-free zone notice, without a plea agreement. On the same day, appellant appeared before the trial court for a punishment determination.

The trial court admonished appellant, ensured her plea was entered knowingly, freely, and voluntarily, and explained the range of punishment applicable to this case. The State then informed the court that on April 18, 2007, a narcotics officer received a tip that two women were selling narcotics at an Amarillo apartment complex, less than a block away from a school. The tip included a specific description of the vehicle and the women involved. Officers investigating the tip saw a vehicle matching the description they were given backing out of a driveway. When a passenger left the vehicle, officers saw she was wearing clothes like those described in the tip. After officers stopped the individuals they observed that appellant, also a passenger, also was wearing clothing like that described in the tip. Appellant admitted to officers that she was at the apartment complex and

---

[1] *See* Tex. Health & Safety Code Ann. § 481.115(d) (Vernon 2003) and § 481.134(c)(1) (Vernon 2003). This is a first degree felony punishable by imprisonment for life or any term of not more than 99 years or less than ten years and a fine not to exceed $20,000. Tex. Health & Safety Code Ann. § 481.134(Vernon 2003).

admitted that she was holding "a lot" of drugs. During a search by a female officer, 9.61 grams of cocaine were found on appellant.

Appellant acknowledged to the trial court that she heard the prosecutor's recitation of the facts and admitted that she had that "9 grams or so of cocaine" on her. Appellant persisted in her plea of guilty and the court accepted it. The court further found the evidence sufficient to find appellant guilty of the offense as charged in the indictment. Appellant then testified on her own behalf with regard to punishment and, emphasizing her young age, expressed her desire that the court grant her application for community supervision.

Following this testimony and arguments of counsel, the court assessed punishment against appellant at confinement for a term of twelve years. Appellant timely filed her notice of appeal.

Thereafter, appellant's appointed appellate counsel filed a motion to withdraw and a brief in support pursuant to *Anders* in which she certifies that she has diligently reviewed the record and, in her professional opinion, under the controlling authorities and facts of this case, there is no reversible error or legitimate grounds on which a non-frivolous appeal arguably can be predicated. The brief discusses the procedural history of the case, appellant's plea of guilty, and the hearing concerning appellant's punishment. Counsel has certified that a copy of the *Anders* brief and motion to withdraw have been served on appellant, and that counsel has advised appellant of her right to review the record and file a *pro se* response. *Johnson v. State*, 885 S.W.2d 641, 645 (Tex.App.–Waco 1994, pet.

3

ref'd). By letter, this Court also notified appellant of her opportunity to submit a response to the *Anders* brief and motion to withdraw filed by her counsel. Appellant has filed a response in which she raises one issue.

In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record. *Nichols v. State*, 954 S.W.2d 83, 86 (Tex.App.–San Antonio 1997, no pet.). If this Court determines the appeal has merit, we will remand it to the trial court for appointment of new counsel. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App.1991).

Because appellant entered an open plea of guilty, she waived any non-jurisdictional defects, other than the voluntariness of her plea, that occurred before entry of the plea so long as the judgment of guilt was rendered independent of, and is not supported by, the alleged error. *Young v. State,* 8 S.W.3d 656, 666-67 (Tex.Crim.App. 2000). Thus, our independent review of the record is limited to potential jurisdictional defects, the voluntariness of appellant's plea, potential error occurring before appellant's plea that resulted in or supports the judgment of guilt, and potential error occurring after the guilty plea. *Id.*

We note first that there is nothing in the record that supports existence of a jurisdictional defect. Second, as noted in counsel's brief, appellant's plea was entered freely and voluntarily as required by article 26.13 of the Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. art. 26.13(b) (Vernon 2007). Counsel discusses the applicable

4

law and the facts of appellant's case and concludes there is no arguably meritorious point that may be raised on this issue. We agree.

In reaching this conclusion, counsel notes the possibility that appellant might argue she received ineffective assistance of counsel. *See Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and *Hernandez v. State,* 726 S.W.2d 53, 57 (Tex.Crim.App. 1986) (establishing standard for effective assistance of counsel). We agree with counsel that the record contains no support for such a contention.

Additionally, as previously noted, the trial court thoroughly admonished appellant on the record prior to accepting her open plea of guilty. Appellant indicated her understanding of each admonishment. The record reflects that appellant also signed and submitted written plea admonishments that included waivers, admonitions, and a judicial confession that the trial court ensured was entered freely, voluntarily and knowingly. *See* Tex. Code Crim. Proc. Ann. art 26.13 (Vernon 2007). Our review of the record reveals no arguably meritorious issue may be raised on this point.

In her response, appellant contends that the punishment she received was too severe. After a thorough review of the record, we find no arguably meritorious point may be raised with regard to the punishment assessed to appellant. Because appellant's plea of guilty was an open plea and not based on an agreement with the State, the court was free to impose any punishment accorded by statute. *Jackson v. State,* 680 S.W.2d 809, 814 (Tex.Crim.App. 1984). The trial court assessed punishment for appellant at twelve years of confinement, a sentence at the lower end of the statutory range. *See* Tex. Health

5

& Safety Code Ann. § 481.134(c) (Vernon 2003). It is the general rule that as long as a sentence is within the proper range of punishment, it will not be disturbed on appeal. *Jackson,* 680 S.W.2d at 814; *Rodriguez v. State,* 917 S.W.2d 90, 92 (Tex.App.–Amarillo 1996, pet. ref'd) (Texas courts have traditionally held that as long as the sentence is within the range of punishment established by the Legislature in a valid statute, it does not violate state or federal prohibitions).

Our review convinces us that appellate counsel conducted a complete review of the record. We have also made an independent examination of the entire record to determine whether there are any arguable grounds which might support the appeal. We agree it presents no arguably meritorious grounds for review. Accordingly, we grant counsel's motion to withdraw[2] and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

---

[2] Counsel shall, within five days after the opinion is handed down, send her client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review. *See* Tex. R. App. P. 48.4.