NO. 07-08-0171-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B
Â 
JUNE 5, 2009
______________________________

JAMES DOUGLAS SLAGLE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

NO. 18727-C; HONORABLE ANA ESTEVEZ, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Appellant James Douglas Slagle appeals from his conviction by jury of sexual
assault and the trial courtâs sentence of twelve yearsâ confinement in the Institutional
Division of the Texas Department of Criminal Justice. Appellant's attorney has filed a brief
in compliance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493
(1967) and In re Schulman, 252 S.W.3d 403 (Tex.Crim.App. 2008) and certifies that there
are no non-frivolous issues to appeal. Agreeing with appointed counselâs conclusion the
record fails to show any arguably meritorious issue that could support the appeal, we affirm
the trial courtâs judgment. 
Â Â Â Â Â Â Â Â Â Â Appellant was charged by indictment with sexual assault.


 The indictment also
contained a second count for burglary of a habitation with intent to commit sexual assault.
Appellant plead not guilty. The evidence at trial showed that during the late evening or
early morning hours of February 7, 2008, a female victim, sleeping in her bed in her
apartment, awakened to find a man on top of her. Appellant was a friend of the victimâs
brother, and she identified him as her assailant. She testified she recognized his voice
when he spoke and recognized his figure as he left her bedroom. A sexual assault nurse
examiner testified she found minor injuries to the victim consistent with forced penetration. 
No physical evidence tied appellant to the attack.
Â Â Â Â Â Â Â Â Â Â Appellant later gave a recorded statement to police, denying he had assaulted the
victim. Appellant told police he had engaged in consensual intercourse with the victim two
weeks before. During her testimony, the victim denied any consensual relationship with
appellant. He did not testify at trial, but presented the testimony of a friend who said
appellant was in a nearby apartment at the time of the assault. Other witnesses also
testified appellant was in the nearby apartment at various times during the evening.
Â 
Â Â Â Â Â Â Â Â Â Â The jury found appellant guilty of sexual assault and sentenced him to imprisonment
for a term of twelve years. The trial court certified appellantâs right of appeal and this
appeal followed.
Â Â Â Â Â Â Â Â Â Â Thereafter, appellant's appointed appellate counsel filed a motion to withdraw and
a brief in support pursuant to Anders in which she certifies that she has diligently reviewed
the record and, in her professional opinion, under the controlling authorities and facts of the
case, there is no reversible error or legitimate ground on which a non-frivolous appeal can
arguably be predicated. The brief discusses in detail the procedural history of this case and
the events at trial. Counsel discusses the applicable law and sets forth the reasons she
believes there are no arguably meritorious issues on which to appeal. Counsel has certified
that a copy of the Anders brief and motion to withdraw have been served on appellant, and
that counsel has advised appellant of his right to review the record and file a pro se
response. Johnson v. State, 885 S.W.2d 641, 645 (Tex.App.âWaco 1994, pet. ref'd). By
letter, this Court also notified appellant of his opportunity to submit a response to the Anders
brief and motion to withdraw filed by his counsel. Appellant has not filed a response.
Â Â Â Â Â Â Â Â Â Â In conformity with the standards set out by the United States Supreme Court, we will
not rule on the motion to withdraw until we have independently examined the record in each
matter. Nichols v. State, 954 S.W.2d 83, 86 (Tex.App.âSan Antonio 1997, no pet.). If this
Court determines the appeal has merit, we will remand it to the trial court for appointment
of new counsel. Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App.1991).
Â 
Â Â Â Â Â Â Â Â Â Â In her brief, appellate counsel discusses several grounds on which a meritorious
appeal might lie. Counsel first addresses potential issues concerning the factual sufficiency
of the evidence to support appellantâs conviction. We agree the record does not support
an arguably meritorious contention with regard to the juryâs resolution of the conflicting
testimony. 
Â Â Â Â Â Â Â Â Â Â Secondly, counsel notes potential abuse of discretion by the trial court in allowing the
introduction into evidence of the record of the victimâs 911 call. We review a trial courtâs
decision to admit or exclude evidence under an abuse of discretion standard. Shuffield v.
State, 189 S.W.3d 782, 793 (Tex.Crim.App. 2006). The trial court abuses its discretion only
when the decision lies âoutside the zone of reasonable disagreement.â Walters v. State,
247 S.W.3d 204, 217 (Tex.Crim.App. 2007). After a complete review of the record, we
agree with appellate counsel that the ground identified does not arguably support an
appeal. 
Â Â Â Â Â Â Â Â Â Â Lastly, counsel identifies the possibility that appellant might argue he had received
ineffective assistance of counsel at trial because counsel allowed appellantâs recorded
statement to be admitted into evidence without objection. See Strickland v. Washington,
466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and Hernandez v. State, 726 S.W.2d
53, 57 (Tex.Crim.App. 1986) (establishing standard for ineffective assistance of counsel). 
We agree with counsel that the record contains no support for such a contention. 
Â 
Â Â Â Â Â Â Â Â Â Â We note also we see no appealable issues with regard to appellantâs assessed
punishment. The jury assessed punishment at twelve years of confinement in the
Institutional Division of the Texas Department of Criminal Justice, a term within the
permissible range. See Tex. Penal Code Ann. Â§ 22.011 (Vernon 2005); Tex. Penal Code
Ann. Â§ 12.33 (Vernon 2003). It is the general rule that a sentence within the proper range
of punishment will not be disturbed on appeal. Jackson v. State, 680 S.W.2d 809, 814
(Tex.Crim.App. 1984); Rodriguez v. State, 917 S.W.2d 90, 92 (Tex.App.âAmarillo 1996, pet.
refâd).
Â Â Â Â Â Â Â Â Â Â Our review convinces us that appellate counsel conducted a complete review of the
record. We have also made an independent examination of the entire record to determine
whether there are any arguable grounds which might support the appeal from appellantâs
conviction and sentence. We agree the record presents no meritorious grounds for review. 
 Accordingly, we grant counsel's motion to withdraw


 and affirm the judgment of the trial
court.Â 
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â James T. Campbell

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Â 
Â 
Do not publish.



n;
 margin:1.0in 1.0in 1.0in 1.0in;
 mso-header-margin:1.0in;
 mso-footer-margin:1.0in;
 mso-paper-source:0;}
div.WordSection1
 {page:WordSection1;}
@page WordSection2
 {size:8.5in 11.0in;
 margin:1.0in 1.0in 1.0in 1.0in;
 mso-header-margin:1.0in;
 mso-footer-margin:1.0in;
 mso-footer:url("07-10-0418\,419.cr%20opinion_files/header.htm") f2;
 mso-paper-source:0;}
div.WordSection2
 {page:WordSection2;}
-->








   NO.
07-10-0418-CR

NO. 07-10-0419-CR

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  IN THE COURT OF
APPEALS

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  FOR THE SEVENTH DISTRICT OF
TEXAS

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  AT
AMARILLO

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  PANEL
B

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  FEBRUARY
14, 2011

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  BRYANT KESSLER
JONES,

Â 

Appellant

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  V.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  THE STATE OF
TEXAS,

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  

Appellees

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  

Â Â Â Â Â Â Â Â  FROM THE CRIMINAL DISTRICT COURT NO.
TWO OF TARRANT COUNTY;

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â  NOS. 1207009R and 1208348R; HON. WAYNE SALVANT,
PRESIDING

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  _______________________________

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ON ABATEMENT AND
REMAND

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  _______________________________

Â 

Before QUINN, C.J., and CAMPBELL
and HANCOCK , JJ.








Appellant Bryant
Kessler Jones appeals from his convictions for the offenses of engaging in
organized criminal activity, to-wit:Â 
murder and aggravated assault with a deadly weapon, a firearm.Â  On November 4, 2010, the clerk=s
record was filed.Â  The reporter=s
record was due on January 18, 2011.Â  On
January 25, 2011, this Court notified the reporter by letter that the record in
each case had not been filed and to advise the Court of the status of the record
on or before February 4, 2011.Â  To date,
no status of the records nor reporter=s
records have been filed.

Accordingly, we
abate this appeal and remand the cause to the Criminal District Court No. 2 of
Tarrant County (trial court) for further proceedings.Â  Upon remand, the trial court shall
immediately cause notice of a hearing to be given and, thereafter, conduct a
hearing to determine:

when the reporter=s
records can reasonably be transcribed into written form and filed in a manner
that does not further delay the prosecution of this appeal or have the
practical effect of depriving the appellant of his right to appeal.

Â 

Â 

The trial court
shall cause the hearing to be transcribed.Â 
So too shall it 1) execute findings of fact and conclusions of law addressing
the foregoing issue, 2) cause to be developed a supplemental clerk=s
record containing its findings of fact and conclusions of law and all orders it
may issue as a result of its hearing in this matter, and 3) cause to be
developed a reporter=s record
transcribing the evidence and arguments presented at the aforementioned
hearing, if any.Â  Additionally, the
district court shall then file the supplemental clerk=s
and reporter=s records transcribing the hearing with
the clerk of this court on or before March 16, 2011.Â  Should further time be needed by the trial
court to perform these tasks, then same must be requested before March 16, 2011.

It is so
ordered.

Per Curiam

Â 

Do not publish.