NO. 07-08-0171-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 5, 2009
_____

JAMES DOUGLAS SLAGLE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

NO. 18727-C; HONORABLE ANA ESTEVEZ, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION

Appellant James Douglas Slagle appeals from his conviction by jury of sexual assault and the trial court's sentence of twelve years' confinement in the Institutional Division of the Texas Department of Criminal Justice. Appellant's attorney has filed a brief in compliance with *Anders* v. *California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *In re Schulman,* 252 S.W.3d 403 (Tex.Crim.App. 2008) and certifies that there are no non-frivolous issues to appeal.  Agreeing with appointed counsel's conclusion the

record fails to show any arguably meritorious issue that could support the appeal, we affirm the trial court's judgment.

Appellant was charged by indictment with sexual assault.[1] The indictment also contained a second count for burglary of a habitation with intent to commit sexual assault. Appellant plead not guilty. The evidence at trial showed that during the late evening or early morning hours of February 7, 2008, a female victim, sleeping in her bed in her apartment, awakened to find a man on top of her. Appellant was a friend of the victim's brother, and she identified him as her assailant. She testified she recognized his voice when he spoke and recognized his figure as he left her bedroom. A sexual assault nurse examiner testified she found minor injuries to the victim consistent with forced penetration. No physical evidence tied appellant to the attack.

Appellant later gave a recorded statement to police, denying he had assaulted the victim. Appellant told police he had engaged in consensual intercourse with the victim two weeks before. During her testimony, the victim denied any consensual relationship with appellant. He did not testify at trial, but presented the testimony of a friend who said appellant was in a nearby apartment at the time of the assault. Other witnesses also testified appellant was in the nearby apartment at various times during the evening.

_____

[1] *See* Tex. Penal Code Ann. § 22.011 (Vernon 2005). This is a second degree felony punishable by imprisonment for any term of not more than 20 years or less than 2 years and a fine not to exceed $10,000. Tex. Penal Code Ann. § 12.33 (Vernon 2003).

The jury found appellant guilty of sexual assault and sentenced him to imprisonment for a term of twelve years. The trial court certified appellant's right of appeal and this appeal followed.

Thereafter, appellant's appointed appellate counsel filed a motion to withdraw and a brief in support pursuant to *Anders* in which she certifies that she has diligently reviewed the record and, in her professional opinion, under the controlling authorities and facts of the case, there is no reversible error or legitimate ground on which a non-frivolous appeal can arguably be predicated. The brief discusses in detail the procedural history of this case and the events at trial. Counsel discusses the applicable law and sets forth the reasons she believes there are no arguably meritorious issues on which to appeal. Counsel has certified that a copy of the *Anders* brief and motion to withdraw have been served on appellant, and that counsel has advised appellant of his right to review the record and file a *pro se* response. *Johnson v. State*, 885 S.W.2d 641, 645 (Tex.App.–Waco 1994, pet. ref'd). By letter, this Court also notified appellant of his opportunity to submit a response to the *Anders* brief and motion to withdraw filed by his counsel. Appellant has not filed a response.

In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record in each matter. *Nichols v. State*, 954 S.W.2d 83, 86 (Tex.App.–San Antonio 1997, no pet.). If this Court determines the appeal has merit, we will remand it to the trial court for appointment of new counsel. *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App.1991).

In her brief, appellate counsel discusses several grounds on which a meritorious appeal might lie. Counsel first addresses potential issues concerning the factual sufficiency of the evidence to support appellant's conviction. We agree the record does not support an arguably meritorious contention with regard to the jury's resolution of the conflicting testimony.

Secondly, counsel notes potential abuse of discretion by the trial court in allowing the introduction into evidence of the record of the victim's 911 call. We review a trial court's decision to admit or exclude evidence under an abuse of discretion standard. *Shuffield v. State,* 189 S.W.3d 782, 793 (Tex.Crim.App. 2006). The trial court abuses its discretion only when the decision lies "outside the zone of reasonable disagreement." *Walters v. State,* 247 S.W.3d 204, 217 (Tex.Crim.App. 2007). After a complete review of the record, we agree with appellate counsel that the ground identified does not arguably support an appeal.

Lastly, counsel identifies the possibility that appellant might argue he had received ineffective assistance of counsel at trial because counsel allowed appellant's recorded statement to be admitted into evidence without objection. *See Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and *Hernandez v. State,* 726 S.W.2d 53, 57 (Tex.Crim.App. 1986) (establishing standard for ineffective assistance of counsel). We agree with counsel that the record contains no support for such a contention.

We note also we see no appealable issues with regard to appellant's assessed punishment. The jury assessed punishment at twelve years of confinement in the Institutional Division of the Texas Department of Criminal Justice, a term within the permissible range. *See* Tex. Penal Code Ann. § 22.011 (Vernon 2005); Tex. Penal Code Ann. § 12.33 (Vernon 2003). It is the general rule that a sentence within the proper range of punishment will not be disturbed on appeal. *Jackson v. State,* 680 S.W.2d 809, 814 (Tex.Crim.App. 1984); *Rodriguez v. State,* 917 S.W.2d 90, 92 (Tex.App.–Amarillo 1996, pet. ref'd).

Our review convinces us that appellate counsel conducted a complete review of the record. We have also made an independent examination of the entire record to determine whether there are any arguable grounds which might support the appeal from appellant's conviction and sentence. We agree the record presents no meritorious grounds for review. Accordingly, we grant counsel's motion to withdraw[2] and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

---

[2] Counsel shall, within five days after the opinion is handed down, send her client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review. Tex. R. App. P. 48.4.