NO. 07-09-00271-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MARCH 10, 2010

JACOB CARRIZALES, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2008-421,989; HONORABLE CECIL G. PURYEAR, JUDGE

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Jacob Carrizales appeals from his conviction, on an open plea to the court, of the offense of burglary of a habitation and the resulting sentence of fifteen years confinement in the Institutional Division of the Texas Department of Criminal Justice. Appellant's attorney has filed a brief in compliance with *Anders* v. *California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *In re Schulman,* 252 S.W.3d 403 (Tex.Crim.App. 2008). Agreeing with appointed counsel's conclusion the record fails to show any arguably meritorious issue that could support the appeal, we affirm the trial court's judgment.

In December 2008, appellant was indicted for burglary of a habitation.[1] On June 3, 2009, appellant entered an open plea of guilty before the court. The trial court admonished appellant, ensured his plea was entered knowingly, freely, and voluntarily, and explained the range of punishment applicable to this case. Appellant admitted he committed the offense of burglary of a habitation by entering the home of a woman, without her effective consent, with the intent to commit sexual assault. The State then presented its punishment evidence, including the stipulated judgments of appellant's three prior convictions.

The punishment evidence included the testimony of the victim and other witnesses.

A pre-sentence investigation report was ordered. On June 22, appellant presented his punishment evidence. Appellant's mother testified about appellant's prior convictions and about his drinking problem. Appellant also testified. He expressed remorse for his actions and testified to his alcohol abuse. He stated he was intoxicated on November 22 and did not remember much of that night and that it was a "blur." He did not dispute that he broke into the home or that he tried to have sexual intercourse with the owner of the home. He expressed his desire to be placed on community supervision and obtain help for his alcohol addiction. Thereafter, appellant was sentenced to fifteen years of imprisonment. Appellant timely appealed.

---

[1] *See* Tex. Penal Code Ann. § 30.02(d) (Vernon 2003). This is a first degree felony punishable by imprisonment for life or any term of not more than 99 years or less than 5 years and a fine not to exceed $10,000. Tex. Penal Code Ann. § 12.32 (Vernon 2003).

Thereafter, appellant's appointed appellate counsel filed a motion to withdraw and a brief in support pursuant to *Anders* in which he certifies that he has diligently reviewed the record and, in his professional opinion, under the controlling authorities and facts of this case, there is no reversible error or legitimate grounds on which a non-frivolous appeal arguably can be predicated. The brief discusses the procedural history of the case, appellant's plea of guilty, and the hearing concerning appellant's punishment. Counsel has certified that a copy of the *Anders* brief and motion to withdraw have been served on appellant, and that counsel has advised appellant of his right to review the record and file a *pro se* response. *Johnson v. State*, 885 S.W.2d 641, 645 (Tex.App.–Waco 1994, pet. ref'd). By letter, this Court also notified appellant of his opportunity to submit a response to the *Anders* brief and motion to withdraw filed by his counsel. Appellant has not filed a response.

In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record. *Nichols v. State*, 954 S.W.2d 83, 86 (Tex.App.–San Antonio 1997, no pet.). If this Court determines the appeal has merit, we will remand it to the trial court for appointment of new counsel. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App.1991).

Because appellant entered an open plea of guilty, he waived any non-jurisdictional defects, other than the voluntariness of his plea, that occurred before entry of the plea so long as the judgment of guilt was rendered independent of, and is not supported by, the alleged error. *Young v. State,* 8 S.W.3d 656, 666-67 (Tex.Crim.App. 2000).

3

We note first that there is nothing in the record that supports existence of a jurisdictional defect. Second, the record indicates appellant's plea was entered freely and voluntarily as required by article 26.13 of the Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. art. 26.13(b) (Vernon 2007). The trial court thoroughly admonished appellant on the record prior to accepting his open plea of guilty. Appellant indicated his understanding of each admonishment. The record reflects that appellant also signed and submitted written plea admonishments that included waivers, admonitions, and a judicial confession that the trial court ensured was entered freely, voluntarily and knowingly. *See* Tex. Code Crim. Proc. Ann. art. 26.13 (Vernon 2007). Our review of the record reveals no arguably meritorious issue may be raised on this point.

Counsel points to a potential issue with regard to the trial court's admission, over defense counsel's objection, of a patrol car video during the punishment stage. Counsel has explained why the issue does not present an arguable basis for relief on appeal. We agree with counsel's conclusion.

Secondly, counsel notes the possibility that appellant might argue he received ineffective assistance of counsel. *See Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and *Hernandez v. State,* 726 S.W.2d 53, 57 (Tex.Crim.App. 1986) (establishing standard for effective assistance of counsel). We agree with counsel that the record contains no support for such a contention.

We note also that after a thorough review of the record, we find no arguably meritorious point may be raised with regard to the punishment assessed to appellant.

4

Because appellant's plea of guilty was an open plea and not based on an agreement with the State, the court was free to impose any punishment accorded by statute. *Jackson v. State,* 680 S.W.2d 809, 814 (Tex.Crim.App. 1984). The trial court assessed punishment for appellant at fifteen years of confinement, a sentence at the lower end of the statutory range. *See* Tex. Penal Code Ann. § 12.32 (Vernon 2003). It is the general rule that as long as a sentence is within the proper range of punishment, it will not be disturbed on appeal. *Jackson,* 680 S.W.2d at 814; *Rodriguez v. State,* 917 S.W.2d 90, 92 (Tex.App.–Amarillo 1996, pet. ref'd) (Texas courts have traditionally held that as long as the sentence is within the range of punishment established by the Legislature in a valid statute, it does not violate state or federal prohibitions).

Our review convinces us that appellate counsel conducted a complete review of the record. We have also made an independent examination of the entire record to determine whether there are any arguable grounds which might support the appeal. We agree it presents no arguably meritorious grounds for review. Accordingly, we grant counsel's motion to withdraw[2] and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

---

[2] Counsel shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review. *See* Tex. R. App. P. 48.4.