NO. 07-09-00327-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



SEPTEMBER
14, 2010

 



 

MIKE JAMES MCCORMICK II, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 181ST DISTRICT COURT OF RANDALL
COUNTY;

 

NO. 19,734-B; HONORABLE JOHN B. BOARD, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

Appellant Michael James McCormick, II,  appeals from his
conviction, on an open plea to the court, of the offense of possession of a
controlled substance and the resulting sentence of fifteen years confinement in
the Institutional Division of the Texas Department of Criminal Justice.  Appellant's attorney has filed a brief in
compliance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and In re Schulman,
252 S.W.3d 403 (Tex.Crim.App. 2008).  Agreeing with appointed counsel=s conclusion the record fails to show any arguably meritorious
issue that could support the appeal, we affirm the
trial court=s judgment as modified.

In
May 2008, appellant was indicted for the offense of possession of
methamphetamine, in an amount of one gram or more but less than four grams.[1]
The indictment also included an enhancement paragraph setting forth appellant’s
previous felony conviction.  In September 2009, appellant entered a
guilty plea to the charge as indicted and entered a plea of Atrue@ to the enhancement, without a plea agreement.  On the same day, appellant appeared before
the trial court for a punishment determination. 

The trial court admonished appellant,
determined his plea was entered knowingly, freely, and voluntarily, and
explained the applicable range of punishment. 
Appellant also signed a document entitled “Felony Plea Memorandum” that
contained a waiver of jury, waiver of confrontation of witnesses and
stipulation of evidence, waiver of indictment, and waiver of two days service
of indictment.  A police officer also
testified to the circumstances surrounding his discovery of a canister
containing methamphetamine on appellant’s person. The State also introduced
into evidence appellant’s nine prior convictions.

Appellant testified he had made
efforts to stop using drugs, but relapsed after his grandmother died. Appellant
asked the court to consider a punishment of five years that was the same as a
plea offer the State had offered early in his case.  A long-time acquaintance of appellant
testified appellant was an “upstanding, honorable person” and he did not appear
to be currently using drugs.  Other
acquaintances characterized appellant favorably and his probation officer gave
testimony favorable to appellant.

Following this testimony and
arguments of counsel, the court assessed punishment against appellant at
confinement for a term of fifteen years. 
Appellant timely filed his notice of appeal.

Thereafter, appellant's appointed
appellate counsel filed a motion to withdraw and a brief in support pursuant to
Anders in which he certifies that he has diligently reviewed the record
and, in his professional opinion, under the controlling authorities and facts
of this case, there is no reversible error or legitimate grounds on which a
non-frivolous appeal arguably can be predicated.  The brief discusses the procedural history of
the case, appellant=s plea of guilty, and the hearing
concerning appellant=s punishment.  Counsel has certified that a copy of the Anders
brief and motion to withdraw have been served on appellant, and that counsel
has advised appellant of his right to review the record and file a pro se
response. Johnson v. State, 885 S.W.2d 641, 645 (Tex.App.BWaco 1994, pet. ref'd).  By letter, this Court also notified appellant
of his opportunity to submit a response to the Anders brief and motion
to withdraw filed by his counsel. 
Appellant has not filed a response.

In conformity with the standards set
out by the United States Supreme Court, we will not rule on the motion to
withdraw until we have independently examined the record.  Nichols v. State, 954
S.W.2d 83, 86 (Tex.App.BSan Antonio 1997,
no pet.).  If this Court determines the appeal has
merit, we will remand it to the trial court for appointment of new
counsel.  See Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App.1991).          

Because appellant entered
an open plea of guilty, he waived any non-jurisdictional defects, other than
the voluntariness of his plea, that occurred before
entry of the plea so long as the judgment of guilt was rendered independent of,
and is not supported by, the alleged error. 
Young v. State, 8 S.W.3d 656, 666-67 (Tex.Crim.App. 2000). 
There is nothing in the record that supports existence of a
jurisdictional defect.  Also, as noted in
counsel=s brief, appellant=s plea was entered freely and
voluntarily as required by article 26.13 of the Code of Criminal
Procedure.  See Tex.
Code Crim. Proc. Ann. art. 26.13(b) (Vernon 2007).  Counsel discusses the applicable law and the
facts of appellant=s case and concludes there is no
arguably meritorious point that may be raised on this issue.  We agree.

We also agree there is no arguably
meritorious point that may be raised with regard to the punishment assessed to
appellant.  Because appellant=s plea of guilty was an open plea and
not based on an agreement with the State, the court was free to impose any
punishment accorded by statute.  Jackson v. State, 680 S.W.2d 809, 814 (Tex.Crim.App.
1984).  The trial court assessed
punishment for appellant at fifteen years of confinement, a sentence well
within the statutory range.  See Tex.
Health & Safety Code Ann. ' 481.115(c) (Vernon 2003); Tex. Penal
Code Ann. § 12.34 (Vernon 2009); Tex. Penal Code Ann. § 12.42 (Vernon
2003).  It is the general rule that as
long as a sentence is within the proper range of punishment, it will not be
disturbed on appeal.  Jackson,
680 S.W.2d at 814; Rodriguez v. State, 917 S.W.2d 90, 92 (Tex.App.BAmarillo 1996, pet. ref=d) (Texas courts have traditionally
held that as long as the sentence is within the range of punishment established
by the Legislature in a valid statute, it does not violate state or federal
prohibitions).  

Lastly,
counsel notes the possibility that appellant might argue he received
ineffective assistance of counsel.  See
Strickland v. Washington, 466 U.S. 668, 104 S.Ct.
2052, 80 L.Ed.2d 674 (1984) and Hernandez v. State, 726 S.W.2d 53, 57 (Tex.Crim.App. 1986) (establishing standard for effective
assistance of counsel).  We agree with
counsel that the record contains no support for such a contention.  Our review
convinces us that appellate counsel conducted a complete review of the
record.  We have also made an independent
examination of the entire record to determine whether there are any arguable
grounds which might support the appeal.  We agree it presents no arguably
meritorious grounds for review.  We note,
however, the written judgment indicates a plea bargain was entered.  The record is clear there was no plea bargain
in this case. This Court has the authority to correct, modify and reform a
judgment to make the record speak the truth when it has the necessary
information to do so.[2]  Tex. R. App. P.
43.2(b); Bigley v. State, 865 S.W.2d 26, 27-28 (Tex.Crim.App. 1993); Asberry v. State, 813 S.W.2d 526, 529 (Tex.App.—Dallas
1991, pet. ref’d). The necessary information
is provided here.  We modify the judgment
to omit any reference to a plea bargain.

 

 

Accordingly, we grant counsel's
motion to withdraw[3] and affirm the trial court’s
judgment, as modified.

 

                                                                                                James
T. Campbell

                                                                                                            Justice

 

Do not publish.











[1] 
See Tex. Health & Safety Code Ann. ' 481.115(c) (Vernon 2003). 





[2]
The authority of an
appellate court to reform an incorrect judgment is not dependent on the request
of any party, nor does it turn on the question of whether a party has or has
not objected in the trial court.  Asberry, 813 S.W.2d at 529-30.





[3]Counsel shall, within five days after
the opinion is handed down, send his client a copy of the opinion and judgment,
along with notification of the defendant=s right to file a pro se petition for discretionary
review.  See Tex. R. App. P. 48.4.