NO. 07-09-00147-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 21, 2012

---

ERIC LEE DIAZ, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

---

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

NO. 16,202-A; HONORABLE HAL MINER, JUDGE

---

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

This memorandum opinion is issued following our Order on Remand, which was issued after the appeal was remanded to this court by the Court of Criminal Appeals.[1]

---

[1] *See Diaz v. State,* No. PD-0945-09, 2010 Tex.Crim.App. LEXIS 1519 (Tex.Crim.App. Nov. 10, 2010); *Diaz v. State,* No. 07-09-00147-CR, 2011 Tex.App. LEXIS 382 (Tex.App.—Amarillo Jan. 19, 2011) (order on remand).

Appellant Eric Lee Diaz appealed from the judgment revoking his community supervision and sentencing him to fourteen years of imprisonment and imposing on him a $10,000 fine. Appellant's attorney has filed a brief in compliance with *Anders* v. *California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *In re Schulman,* 252 S.W.3d 403 (Tex.Crim.App. 2008) and certifies that there are no non-frivolous issues to appeal. Agreeing with appointed counsel's conclusion the record fails to show any arguably meritorious issue that could support the appeal, we affirm the trial court's judgment.

In July 2004, appellant was indicted for aggravated assault with a deadly weapon.[2] He plead guilty to that offense in November 2004, and was placed on community supervision for a period of five years. In 2006, after appellant violated terms of his community supervision, his supervision was extended with supplemental terms added.

Thereafter, in April 2008, the State filed a motion to revoke appellant's community supervision, alleging ten violations. This motion was heard by the court in March 2009. Appellant plead "true" to eight allegations. The court received evidence concerning each.

Appellant's probation officer testified in support of the motion to revoke. The victim of the aggravated assault with a deadly weapon also testified, describing the

---

[2] *See* Tex. Penal Code Ann. § 22.02 (West 2011).

events that caused a compound fracture to his nose, an exposed sinus cavity, cuts and bruises, and a dislocated shoulder. He identified appellant as the individual who hit him in the face with a brick.

Appellant testified at the hearing, explaining his version of the events involved in the assault. He denied using a brick to hit the victim in the head. Appellant admitted to several of the other allegations made by the State and expressed his desire to remain on probation and be with his young children.

Based on appellant's pleas of "true" and the evidence presented before it, the court revoked appellant's community supervision and assessed appellant's punishment at confinement in the Institutional Division for a period of fourteen years. The court certified appellant's right of appeal, and he timely filed notice of appeal.

The brief filed by appellant's appointed appellate counsel in support of his motion to withdraw pursuant to *Anders* certifies that he has diligently reviewed the record and, in his professional opinion, under the controlling authorities and facts of this case, there is no reversible error or legitimate grounds on which a non-frivolous appeal arguably can be predicated. The brief discusses the procedural history of the case, including the appellate history of the case, and the proceedings in connection with the motion to revoke appellant's community supervision. Counsel discusses the applicable law and sets forth the reasons he believes there are no arguably meritorious issues on which to appeal. Counsel has certified that a copy of the *Anders* brief and motion to withdraw

have been served on appellant, and that counsel has advised appellant of his right to review the record and file a *pro se* response. *Johnson v. State*, 885 S.W.2d 641, 645 (Tex.App.--Waco 1994, pet. ref'd). By letter, this Court also notified appellant of his opportunity to submit a response to the *Anders* brief and motion to withdraw filed by his counsel. Appellant has not filed a response.

In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record. *Nichols v. State*, 954 S.W.2d 83, 86 (Tex.App.–San Antonio 1997, no pet.). If this Court determines the appeal has merit, we will remand it to the trial court for appointment of new counsel. *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App.1991).

Counsel concludes the court did not abuse its discretion in revoking appellant's community supervision. Appellant plead "true" to all but two of the State's allegations. A plea of "true" to even one allegation in the State's motion is sufficient to support a judgment revoking community supervision. *Cole v. State,* 578 S.W.2d 127, 128 (Tex.Crim.App. 1979); *Lewis v. State,* 195 S.W.3d 205, 209 (Tex.App.–San Antonio 2006, pet. denied).

Counsel also concludes the record does not support a contention the court acted outside the zone of reasonableness in imposing appellant's sentence as it was within the range prescribed by the Penal Code for this offense. *See* Tex. Penal Code Ann. § 22.02 (West 2011); Tex. Penal Code Ann. § 12.33 (West 2011). *See also Jordan v.*

4

*State,* 495 S.W.2d 949, 952 (Tex.Crim.App. 1973); *Rodriguez v. State,* 917 S.W.2d 90, 92 (Tex.App.–Amarillo 1996, pet. ref'd) (noting Texas courts have traditionally held that sentence within the range of punishment established by valid statute does not violate state or federal prohibitions). Counsel mentions the judge made "a comment on the weight to be accorded Appellant's testimony" but concludes he cannot find a sufficient basis to assert the judge abused his discretion in sentencing appellant. We agree.

Our review convinces us that appellate counsel conducted a complete review of the record. We have also made an independent examination of the entire record to determine whether there are any arguable grounds which might support the appeal from the revocation and sentence. We agree the record presents no arguably meritorious grounds for review. Accordingly, we grant counsel's motion to withdraw[3] and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

---

[3]Counsel shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review. *See* Tex. R. App. P. 48.4.