NO. 07-11-00028-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 6, 2012

_____

ERRIC ANDERSON, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 20TH DISTRICT COURT OF MILAM COUNTY;

NO. CR22,672; HONORABLE EDWARD P. MAGRE, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Erric Anderson appeals from his conviction for the offense of aggravated assault of a public servant with a deadly weapon[1] and the resulting sentence of twenty-five years of imprisonment. Appellant's attorney has filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *In re Schulman*, 252 S.W.3d 403 (Tex.Crim.App. 2008) and certifies that

_____

[1] Tex. Penal Code Ann. § 22.02 (West 2011). This is a first degree felony punishable by imprisonment for life or for any term of not more than 99 years or less than 5 years and a fine not to exceed $10,000. Tex. Penal Code Ann. § 12.32 (West 2011).

there are no non-frivolous issues to appeal. Agreeing with appointed counsel's conclusion the record fails to show any arguably meritorious issue that could support the appeal, we affirm the trial court's judgment.

In January 2010, appellant was indicted for attempted capital murder and aggravated assault of a public servant with a deadly weapon. Appellant plead "no contest" to aggravated assault of a public servant with a deadly weapon in September 2010.[2] Appellant's plea was supported by a document entitled "affidavit of probable cause," signed by a police officer, describing the officer's version of an incident in which appellant fired several shots at another officer with a 9mm pistol. The document was admitted into evidence without objection. On October 15, 2010, after reviewing a presentence report and hearing further punishment evidence, the trial court sentenced appellant to twenty-five years of imprisonment.

Thereafter, appellant's appointed appellate counsel filed a motion to withdraw and a brief in support pursuant to *Anders* in which he certifies that he has diligently reviewed the record and, in his professional opinion, under the controlling authorities and facts of this case, there is no reversible error or legitimate grounds on which a non-frivolous appeal arguably can be predicated. The brief discusses the procedural history of the case and the proceedings in connection with appellant's "no contest" plea and sentencing hearing. Counsel discusses the applicable law and sets forth the reasons he believes there are no arguably meritorious issues on which to appeal. Counsel has

---

[2] The State waived Count I, attempted capital murder, in open court prior to appellant's "no contest" plea.

certified that a copy of the *Anders* brief and motion to withdraw have been served on appellant, and that counsel has advised appellant of his right to review the record and file a *pro se* response. *Johnson v. State*, 885 S.W.2d 641, 645 (Tex.App.--Waco 1994, pet. ref'd). By letter, this Court also notified appellant of his opportunity to submit a response to the *Anders* brief and motion to withdraw filed by his counsel. Appellant has not filed a response.

In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record. *Nichols v. State*, 954 S.W.2d 83, 86 (Tex.App.-San Antonio 1997, no pet.). If this Court determines the appeal has merit, we will remand it to the trial court for appointment of new counsel. *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App.1991).

At the sentencing hearing, a Rockdale, Texas police officer testified to the events of a night in November 2009 during which he encountered appellant in the parking lot of a local pawnshop, and appellant fired several shots at him after he identified himself as a police officer.

Counsel first notes the record does not support a contention that the court acted outside the zone of reasonableness in imposing appellant's sentence as it was within the range prescribed by the Penal Code for this offense. *See* Tex. Penal Code Ann. § 22.02 (West 2011); Tex. Penal Code Ann. § 12.32 (West 2011). *See also Jordan v. State*, 495 S.W.2d 949, 952 (Tex.Crim.App. 1973); *Rodriguez v. State*, 917 S.W.2d 90, 92 (Tex.App.--Amarillo 1996, pet. ref'd) (Texas courts have traditionally held that as long

as the sentence is within the range of punishment established by the Legislature in a valid statute, it does not violate state or federal prohibitions).

Counsel next notes no objections were made to the indictment and any appellate challenges to it have been waived. *Studer v. State,* 799 S.W.2d (Tex.Crim.App. 1990). Counsel further identifies objections during the sentencing hearing that were sustained, withdrawn, not pursued due to an adverse ruling, or were clearly harmless beyond a reasonable doubt. Tex. R. App. P. 44.2; *Harris v. State,* 790 S.W.2d 568 (Tex.Crim.App. 1989); *Arnold v. State,* 786 S.W.2d 295 (Tex.Crim.App. 1990). We agree with counsel's conclusion that none of these present any arguable grounds which might support an appeal.

Our review convinces us appellate counsel conducted a complete review of the record. We have also made an independent examination of the entire record to determine whether there are any arguable grounds which might support the appeal. We agree the record presents no arguably meritorious grounds for review. Accordingly, we grant counsel's motion to withdraw[3] and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

---

[3] Counsel shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review. *See* Tex. R. App. P. 48.4.