NO. 07-11-00377-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JULY 30, 2012

_____

ALBERTO GUERRERO, JR., APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B18771-1104; HONORABLE EDWARD LEE SELF, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Alberto Guerrero, Jr., appeals from his jury conviction of the offense of possession of a controlled substance in an amount of one gram or less and the resulting sentence of two years in a state jail facility. Appellant's appellate attorney has filed a motion to withdraw from representation supported by an *Anders*[1] brief. Agreeing with counsel's conclusion that the record fails to show any arguably meritorious issue

_____

[1] *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *In re Schulman,* 252 S.W.3d 403 (Tex.Crim.App. 2008) (orig. proceeding).

capable of supporting an appeal, we grant the motion to withdraw and affirm the trial court's judgment.

Evidence showed that a Plainview, Texas, police officer saw appellant driving a vehicle. The officer testified he had previous knowledge appellant did not have a valid driver's license, so he turned his vehicle around and began to follow appellant. He saw appellant run through two stop signs and initiated a traffic stop. Appellant stopped the car immediately, jumped out and ran, leaving his two passengers, who stayed with the car.

Officers found small amounts of marijuana and cocaine in a cup holder in the front seat area of the car. Appellant was later located, arrested and charged with possession of cocaine in an amount less than one gram.[2]

Both passengers testified, denying knowledge of the cocaine. Appellant also testified, admitting he possessed the marijuana but also denying knowledge of the cocaine. The jury found appellant guilty, and assessed punishment at two years of imprisonment in a state jail facility and a ten thousand dollar fine.

On appeal, appellant's appointed appellate counsel has filed a motion to withdraw certifying that he has conducted a conscientious examination of the record and, in his opinion, the record reflects no potentially plausible basis to support an appeal. *Anders*, 386 U.S. at 744-45; *In re Schulman*, 252 S.W.3d at 406. Counsel has filed a brief discussing why, under controlling authorities, the appeal is frivolous. *See*

---

[2] Tex. Health & Safety Code Ann. § 481.115(b) (West 2011).

*High v. State*, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978). Counsel has also demonstrated that he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to appellant, (2) notifying him of his right to file a *pro se* response if he desired to do so, and (3) informing him of his right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408. By letter, this Court also notified appellant of his opportunity to submit a response to the *Anders* brief and motion to withdraw filed by his counsel. Appellant has filed a response, raising several issues, most of which raise assertions he received ineffective assistance of counsel at trial.

In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record. *Nichols v. State,* 954 S.W.2d 83, 86 (Tex.App.--San Antonio 1997, no pet.). If this Court determines the appeal has merit, we will remand it to the trial court for appointment of new counsel. *See Stafford v. State,* 813 S.W.2d 503, 511 (Tex.Crim. App.1991).

Appellant's counsel discusses one potential appellate issue, regarding the sufficiency of the evidence to link appellant to the cocaine found in the vehicle he was driving. Citing *Brooks v. State,* 323 S.W.3d 893 (Tex.Crim.App. 2010) and *Poindexter v. State,* 153 S.W.3d 402 (Tex.Crim.App. 2005), counsel explains why the issue is not arguably meritorious, noting appellant was the driver of the vehicle, admitted possession of the marijuana found with the cocaine, and ran from police after stopping, and his passengers denied knowledge of the cocaine.

3

Appellant's punishment was within the permissible range for a state jail felony. The applicable range of punishment for a state jail felony is confinement in a state jail facility for any term of not more than two years or less than 180 days and a fine not to exceed $10,000. Tex. Penal Code Ann. § 12.35 (West 2011). It is the general rule that as long as a sentence is within the proper range of punishment, it will not be disturbed on appeal. *Jackson v. State,* 680 S.W.2d 809, 814 (Tex.Crim.App. 1984); *Rodriguez v. State,* 917 S.W.2d 90, 92 (Tex.App.--Amarillo 1996, pet. ref'd) (Texas courts have traditionally held that a sentence within the range of punishment established by the Legislature in a valid statute does not violate state or federal prohibitions).

As noted, appellant asserts in his response that he received ineffective assistance of counsel at trial. He points to contradictions he sees in the evidence and to choices made by trial counsel. The standard by which appellate review of the effectiveness of trial counsel is measured is that set out in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), and adopted by our Court of Criminal Appeals in *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex.Crim.App. 1986). In order to show that trial counsel was ineffective, a claimant must establish two elements: (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. To be sustained, an allegation of ineffective assistance of counsel must be firmly founded and affirmatively demonstrated in the record. *McFarland v. State*, 928 S.W.2d 482, 500 (Tex.Crim.App.1996). We find the record on this direct appeal demonstrates no arguably meritorious contention appellant was deprived of the effective assistance of counsel.

Our review convinces us that appellate counsel conducted a complete review of the record. We have also made an independent examination of the record to determine whether there are any arguable grounds which might support the appeal. *Penson v. Ohio,* 488 U.S.75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). We agree it presents no arguably meritorious grounds for review. We grant counsel's motion to withdraw[3] and affirm the trial court's judgment.

James T. Campbell
Justice

Do not publish.

---

[3] Counsel shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review. *See* Tex. R. App. P. 48.4.