

In The

## Court of Appeals

## Seventh District of Texas at Amarillo

_____

No. 07-13-00017-CR

_____

RAMIRO ROEL FLORES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 100th District Court
Hall County, Texas
Trial Court No. 3587; Honorable Stuart Messer, Presiding

April 9, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Pursuant to a plea bargain, on May 7, 2012, Appellant, Ramiro Roel Flores, was granted deferred adjudication for failing to register as a sex offender.[1]  He was placed on community supervision for ten years.  In October 2012, the State moved to proceed with an adjudication of guilt on the ground that Appellant had violated one of the terms of his community supervision by failing to abstain from using narcotics.  At a hearing on

_____

[1] TEX. CODE CRIM. PROC. ANN. art. 62.102(b)(2) (West Supp. 2013).

that motion, Appellant entered a plea of true, and the trial court adjudicated him guilty of the original offense and sentenced him to ten years confinement and assessed a $5,000 fine. By a sole issue, Appellant contends the trial court abused its discretion in assessing the maximum ten year sentence allowed by law. We reform the judgment and affirm.

## BACKGROUND

In 1996, Appellant was convicted of aggravated sexual assault of a child for having consensual sex with a minor. He was required to register as a sex offender. During his original plea, Appellant testified he was registered but that he had failed to update his registration, resulting in the order deferring adjudication. While on community supervision, Appellant smoked marihuana, a knowing violation of the terms of his community supervision. He signed an admission of the violation.

At the revocation hearing, testimony was presented that Appellant was compliant with the terms of his community supervision. Appellant, however, testified he had a "marihuana problem." He used marihuana after reporting to his community supervision officer on August 7th thinking he would have thirty days before his next visit to get clean. However, two days later, a random home visit was conducted, and Appellant tested positive for marihuana.

Testimony was presented that Appellant has been arrested approximately eight times. He also has a prior misdemeanor conviction for marihuana. Notwithstanding his overall compliance with the terms of community supervision, the State requested imposition of the maximum sentence of ten years because Appellant was deceptive on

his marihuana use and because he only lasted a short period of time on community supervision. The State argued that Appellant "likes playing the system." Appellant argued for help with his "marihuana problem" hoping the court would consider a rehabilitation program or at least a lenient sentence.

After adjudicating Appellant guilty, the trial court commented that Appellant's use of marihuana immediately after reporting in hopes of getting clean before his next scheduled report date was deceptive. The court also expressed concern whether Appellant ever had any intention of abiding by the terms of his community supervision.

After sentence was pronounced, Appellant did not object to the ten-year-sentence. Neither did he file a motion for new trial complaining of his sentence. To avoid procedural default on appeal on a punishment issue, a defendant must complain to the trial court by objection or motion for new trial. *See* TEX. R. APP. P. 33.1(a)(1). *See also Hardeman v. State*, 1 S.W.3d 689, 690 (Tex. Crim. App. 1999); *Rodriguez v. State*, 917 S.W.2d 90, 92 (Tex. App.—Amarillo 1996, pet. ref'd). Even assuming Appellant had preserved his punishment issue for appellate review, excessiveness of punishment generally is not challengeable as long as it is within the statutory range established by the Legislature. *See Jackson v.* State, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). *See also Kim v. State*, 283 S.W.3d 473, 475-76 (Tex. App.—Fort Worth 2009, pet. ref'd). The record supports the trial court's imposition of the maximum sentence. Appellant's issue is overruled.

## REFORMATION OF JUDGMENT

In reviewing the record, it has come to this Court's attention that the trial court's judgment contained in the clerk's record contains a clerical error. The "Statute for Offense" in the summary portion of the judgment reflects that Appellant was convicted under "62.102(B)(3) Code of Criminal Procedure."[2] Subparagraph 3 of article 62.102(b) describes a second degree felony offense applicable if the actor is required to verify registration once each 90-day period. Subparagraph 2 of article 62.102(b) describes a third degree felony offense applicable if the actor is required to verify registration once each year. The Assistant Director of the Community Supervision Department testified that Appellant pleaded guilty to the third degree felony offense of failure to register as a sex offender. Accordingly, under "Statute for Offense," the judgment should reflect "article 62.102(b)(2), Texas Code of Criminal Procedure," rather than "62.012(B)(3) Code of Criminal Procedure."

This Court has the power to modify the judgment of the court below to make the record speak the truth when we have the necessary information to do so. TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993). Appellate courts have the power to reform whatever the trial court could have corrected by a judgment *nunc pro tunc* where the evidence necessary to correct the judgment appears in the record. *Ashberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). The power to reform a judgment is "not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court." *Id.* at 529-30.

---

[2] The Code uses a lower case "b" and not an upper case "B."

4

**CONCLUSION**

We reform the trial court's *Judgment Adjudicating Guilt* to reflect "article 62.102(b)(2), Texas Code of Criminal Procedure," as the "<u>Statute for Offense</u>" and, as reformed, we affirm the trial court's judgment.

Patrick A. Pirtle
Justice

Do not publish.